# U.S. District Court
# U.S. District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: 0:24−cv−00104−BCW
# *Internal Use Only*

| | |
|---|---|
| Rhodes v. McGee et al | Date Filed: 01/13/2024 |
| Assigned to: Judge Brian C. Wimes | Date Terminated: 04/03/2026 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: Both |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Thomas Rhodes**    represented by    **Ben H. Elson**
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773−235−0070
Email: ben@peopleslawoffice.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brad Thomson**
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60647
773−235−0070
Email: brad@peopleslawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Flint Taylor**
People's Law Office
1180 N. Milwaukee ave
Chicago, IL 60642
773−235−0070
Email: flint.taylor10@gmail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tayleece Paul**
People's Law Office
1180 N. Milwaukee Ave
Ste Floor 3
Chicago, IL 60642
678−814−2373
Email: tayleece@peopleslawoffice.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy M Phillips**
Law Office of Tim Phillips
331 Second Ave. S
TriTech Center,Suite 400
Minneapolis, MN 55401
612−470−7179
Email: tim@timphillipslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michael McGee**
*Ramsey County Medical Examiner*
*TERMINATED: 03/25/2025*

represented by **David M Wilk**
Larson King, LLP
30 E 7th St Ste 2800.
St Paul, MN 55101−4922
651−312−6500
Fax: 651−312−6618
Email: dwilk@larsonking.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin McCarthy**
Larson King LLP
30 7th St. E
Ste 2800
St. Paul, MN 55101
651−312−6591
Email: kmccarthy@larsonking.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark A Solheim**
Larson King, LLP
30 E 7th St. Ste 2800.
St Paul, MN 55101−4922
651−312−6500
Fax: 651−312−6618
Email: msolheim@larsonking.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zane Aubert**
Larson King, LLP
2800 Wells Fargo Place
30 Seventh Street East
St. Paul, MN 55101−1922

651−312−6549
Email: zaubert@larsonking.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John M Degnan**
Taft Stettinius & Hollister LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612−977−8660
Email: jdegnan@taftlaw.com
*TERMINATED: 03/12/2024*

**Defendant**

**Boyd Beccue**                   represented by   **Cally R Kjellberg−Nelson**
*Estate of Kandiyohi County Attorney*             Resolute Law LLC
                                                  Attorney
                                                  PO Box 1183
                                                  St. Cloud, MN 56302
                                                  320−777−1551
                                                  Email: cally@resolutelawmn.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Kenneth H Bayliss , III**
                                                  Quinlivan & Hughes, PA
                                                  Attorney
                                                  PO Box 1008
                                                  St. Cloud, MN 56302−1008
                                                  320−251−1414
                                                  Fax: 320−251−1415
                                                  Email: kbayliss@quinlivan.com
                                                  *TERMINATED: 12/31/2025*

**Defendant**

**William Joseph Chandler**       represented by   **Christiana Martenson**
*Hennepin County Sheriff's Office Captain*         Hennepin County Attorney's Office
*TERMINATED: 03/25/2025*                           300 South 6th Street
                                                   Ste A2000
                                                   Minneapolis, MN 55487
                                                   612−348−5518
                                                   Fax: 612−348−8299
                                                   Email: christiana.martenson@hennepin.us
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Sarah C S McLaren**
                                                   Hennepin County Attorney's Office
                                                   A−1300 Government Center
                                                   300 South Sixth Street

Mail Code 137
Minneapolis, MN 55487
612−348−5532
Email: sarah.mclaren@hennepin.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James W Keeler , Jr**
Hennepin County Attorney
300 S 6th St Ste C2000
Mpls, MN 55487
612−348−2925
Fax: 612−348−8299
Email: james.keeler@hennepin.us
*TERMINATED: 05/28/2024*

**Defendant**

**Kandiyohi County**                    represented by    **Cally R Kjellberg−Nelson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elle M Lannon**
Felhaber Larson
220 South Sixth Street
Suite 2200
Minneapolis, MN 55402
612−339−6321
Fax: 612−338−0535
Email: elannon@felhaber.com
*TERMINATED: 01/31/2025*

**Kenneth H Bayliss , III**
(See above for address)
*TERMINATED: 12/31/2025*

**Defendant**

**Ramsey County**                    represented by    **Brett Bacon**
2401 Chicago Ave.
Ste Apt. 402
Minneapolis, MN 55404
570−418−0851
Email: brett.bacon@co.ramsey.mn.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristine K Nogosek**
Ramsey County Attorney's Office
360 Wabasha St. N
Ste #100
St. Paul, MN 55102

651−266−3230
Email: kristine.nogosek@co.ramsey.mn.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin Scott Plaisance**
Ramsey County Attorney's Office
Civil Litigation
360 Wabasha Street N
Ste 100
St. Paul, MN 55102
763−381−2674
Email: kevin.plaisance@co.ramsey.mn.us
*TERMINATED: 02/03/2026*

**Defendant**

| | | |
|---|---|---|
| **Hennepin County**<br>*TERMINATED: 03/25/2025* | represented by | **Christiana Martenson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Sarah C S McLaren**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **James W Keeler , Jr**<br>(See above for address)<br>*TERMINATED: 05/28/2024* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/13/2024 | 1 | COMPLAINT against All Defendants (filing fee $ 405, receipt number AMNDC−10773238) filed by Thomas Rhodes. Filer requests summons issued. (Attachments: # 1 Civil Cover Sheet) (Thomson, Brad) (Entered: 01/13/2024) |
| 01/13/2024 | 2 | NOTICE of Appearance by Brad Thomson on behalf of Thomas Rhodes. (Thomson, Brad) (Entered: 01/13/2024) |
| 01/16/2024 | 3 | (Text−Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Chief Judge Patrick J. Schiltz per Civil (3rd, 4th − Civil Rights) list, referred to Magistrate Judge Elizabeth Cowan Wright. Please use case number 24−cv−104 (PJS/ECW).<br><br>**Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.**<br><br>(BTX) Modified text on 1/16/2024 (BTX). (Entered: 01/16/2024) |
| 01/16/2024 | 4 | (Text−Only): Notice re: Non−Admitted Attorney |

Appellate Case: 26-1769     Page: 5     Date Filed: 04/24/2026 Entry ID: 5632120     p5

| | | We have received documents listing **Ben H. Elson, G. Flint Taylor, Tayleece Paul** as counsel of record. If he or she wishes to be listed as an attorney of record in this case, he or she must be admitted to the bar of the U.S. District Court of Minnesota in accordance with <u>Local Rule 83.5 (a), (b) and (c)</u> or temporarily admitted pro hac vice in accordance with <u>Local Rule 83.5 (d) or (e)</u>.<br><br>For more admissions information and forms, please see the Attorney Forms Section of the courts website at <u>www.mnd.uscourts.gov/forms/all–forms. (BTX) (Entered: 01/16/2024)</u> |
|---|---|---|
| 01/16/2024 | 5 | Summons Issued as to Boyd Beccue, William Joseph Chandler, Hennepin County, Kandiyohi County, Michael McGee, Ramsey County. (BTX) (Entered: 01/16/2024) |
| 01/16/2024 | 6 | MOTION for Admission Pro Hac Vice for Attorney Ben H. Elson. Filing fee $ 100, receipt number AMNDC–10774703 filed by Thomas Rhodes. (Phillips, Timothy) (Entered: 01/16/2024) |
| 01/17/2024 | 7 | ORDER OF DISQUALIFICATION. It is hereby determined that all U.S. District Judges and U.S. Magistrate Judges of the Court are disqualified from presiding over this matter. Signed by Chief Judge Patrick J. Schiltz on 1/17/2024.(CLK) (Entered: 01/17/2024) |
| 01/17/2024 | 8 | TEXT ONLY ENTRY. Chief Judge Patrick J. Schiltz and Magistrate Judge Elizabeth Cowan Wright are no longer assigned to this case. **NOTE:** the new case number is **24–cv–104**. Please use this case number for all subsequent pleadings. (CLK) (Entered: 01/17/2024) |
| 01/22/2024 | 9 | ORDER: DESIGNATION OF DISTRICT JUDGE FOR SERVICE IN ANOTHER DISTRICT WITHIN CIRCUIT. Case reassigned to Judge Judge Brian C. Wimes for all further proceedings. **NOTE:** the new case number is **24–cv–104 BCW**. Please use this case number for all subsequent pleadings. Signed by Judge Lavenski R. Smith, United States Court of Appeals for the Eighth Circuit, on 1/19/2024(kt) (Entered: 01/22/2024) |
| 01/23/2024 | 10 | (Text–Only) ORDER granting 6 Motion for Admission Pro Hac Vice of Attorney Ben H. Elson for Thomas Rhodes. Approved by Judge Brian C. Wimes on 1/23/2024. (jam) (Entered: 01/23/2024) |
| 01/23/2024 | 11 | MOTION for Admission Pro Hac Vice for Attorney G. Flint Taylor. Filing fee $ 100, receipt number AMNDC–10793101 filed by Thomas Rhodes. (Phillips, Timothy) (Entered: 01/23/2024) |
| 01/25/2024 | 12 | (Text–Only) ORDER granting 11 Motion for Admission Pro Hac Vice of Attorney G. Flint Taylor for Thomas Rhodes. Approved by Judge Brian C. Wimes on 1/25/2024. (jam) (Entered: 01/25/2024) |
| 01/30/2024 | 13 | SUMMONS Returned Executed by Thomas Rhodes. Ramsey County served on 1/17/2024, answer due 2/7/2024. (Phillips, Timothy) (Entered: 01/30/2024) |
| 01/30/2024 | 14 | SUMMONS Returned Executed by Thomas Rhodes. Hennepin County served on 1/17/2024, answer due 2/7/2024. (Phillips, Timothy) (Entered: 01/30/2024) |
| 01/31/2024 | 15 | WAIVER OF SERVICE Returned Executed filed by Thomas Rhodes. William Joseph Chandler waiver sent on 1/18/2024, answer due 3/18/2024. (Phillips, Timothy) (Entered: 01/31/2024) |

| 02/01/2024 | 16 | NOTICE of Appearance by Kristine K Nogosek on behalf of Ramsey County. (Nogosek, Kristine) (Entered: 02/01/2024) |
|---|---|---|
| 02/01/2024 | 17 | NOTICE of Appearance by Kevin Scott Plaisance on behalf of Ramsey County. (Plaisance, Kevin) (Entered: 02/01/2024) |
| 02/01/2024 | 18 | NOTICE of Appearance by Christiana Martenson on behalf of William Joseph Chandler, Hennepin County. (Martenson, Christiana) (Entered: 02/01/2024) |
| 02/01/2024 | 19 | NOTICE of Appearance by Sarah C S McLaren on behalf of William Joseph Chandler, Hennepin County. (McLaren, Sarah) (Entered: 02/01/2024) |
| 02/01/2024 | 20 | NOTICE of Appearance by James W Keeler, Jr on behalf of William Joseph Chandler, Hennepin County. (Keeler, James) (Entered: 02/01/2024) |
| 02/02/2024 | 21 | STIPULATION *to Extend Time for Hennepin County to Respond to Complaint* by William Joseph Chandler, Hennepin County. Jointly Signed by Thomas Rhodes. (Martenson, Christiana) (Entered: 02/02/2024) |
| 02/02/2024 | 22 | PROPOSED ORDER TO JUDGE re 21 Stipulation. (Martenson, Christiana) (Entered: 02/02/2024) |
| 02/02/2024 | 23 | STIPULATION *to Extend Time for Ramsey County to Respond to The Complaint* by Ramsey County. Jointly Signed by Thomas Rhodes. (Nogosek, Kristine) (Entered: 02/02/2024) |
| 02/02/2024 | 24 | PROPOSED ORDER TO JUDGE re 23 Stipulation. (Nogosek, Kristine) (Entered: 02/02/2024) |
| 02/06/2024 | 25 | SUMMONS Returned Executed by Thomas Rhodes. Kandiyohi County served on 1/17/2024, answer due 2/7/2024. (Phillips, Timothy) (Entered: 02/06/2024) |
| 02/06/2024 | 26 | ORDERED Defendant Hennepin County's motion for extension of time to answer or otherwise respond to the complaint (Doc. #21) is GRANTED. Defendant Hennepin County shall answer or otherwise respond to the complaint on or before March 18, 2024. It is further<br><br>ORDERED Defendant Ramsey County's motion for extension of time to answer or otherwise respond to the complaint (Doc. #23) is GRANTED. Defendant Ramsey County shall answer or otherwise respond to the complaint on or before March 18, 2024.<br><br>Signed by Judge Brian C. Wimes on 2/6/2024.(TLD) (Entered: 02/06/2024) |
| 02/06/2024 | 27 | ORDER SETTING DEADLINES FOR FILING OF JOINT PROPOSED SCHEDULING ORDER AND FOR RULE 26(f) CONFERENCE<br><br>SCHEDULING CONFERENCE by telephone set for 4/2/2024 at 11:00 AM before Judge Brian C. Wimes.<br><br>Signed by Judge Brian C. Wimes on 2/6/2024.(TLD) (Entered: 02/06/2024) |
| 02/07/2024 | 28 | NOTICE of Appearance by Kenneth H Bayliss, III on behalf of Kandiyohi County. (Bayliss, Kenneth) (Entered: 02/07/2024) |
| 02/07/2024 | 29 | |

Appellate Case: 26-1769   Page: 7   Date Filed: 04/24/2026 Entry ID: 5633120   April 20 2026 p7

| | | |
|---|---|---|
| | | *Defendant Kandiyohi County's* ANSWER to Complaint filed by Kandiyohi County. (Bayliss, Kenneth) (Entered: 02/07/2024) |
| 02/08/2024 | 30 | SUMMONS Returned Executed by Thomas Rhodes. Michael McGee served on 2/7/2024, answer due 2/28/2024. (Phillips, Timothy) (Entered: 02/08/2024) |
| 02/27/2024 | 31 | STIPULATION *for Extension of Time to Answer or Otherwise Respond to Complaint* by Michael McGee. Jointly Signed by Thomas Rhodes. (Degnan, John) (Entered: 02/27/2024) |
| 02/27/2024 | 32 | PROPOSED ORDER TO JUDGE re 31 Stipulation. (Degnan, John) (Entered: 02/27/2024) |
| 02/27/2024 | 33 | FILED IN ERROR. PROPOSED ORDER WENT TO A JUDGE NO LONGER ASSIGNED TO THIS CASE. ORDER ISSUED IN ERROR. ORDER on 31 Stipulation. Michael McGee response due 3/13/2024. Signed by Magistrate Judge Elizabeth Cowan Wright on 2/27/2024.(TMA) Modified text on 2/28/2024 (TMA). (Entered: 02/27/2024) |
| 02/27/2024 | 34 | NOTICE of Appearance by John M Degnan on behalf of Michael McGee. (Degnan, John) (Entered: 02/27/2024) |
| 02/29/2024 | 35 | (Text−Only) ORDER on 31 Stipulation. ORDERED the parties' Stipulation for Extension of Time, construed as Defendant McGee's Motion for Extension of Time to Answer or Otherwise Respond to the Complaint (Doc. #31) is, with Plaintiff having consented to the requested extension, GRANTED. Defendant McGee is granted leave to answer or otherwise respond to the complaint on or before March 13, 2024. Ordered by Judge Brian C. Wimes on 2/29/2024.(TLD) (Entered: 02/29/2024) |
| 03/04/2024 | 36 | MOTION to Extend the Time for Service Under Fed. R. Civ. P. 4(m) filed by Thomas Rhodes. DOCUMENT FILED IN ERROR−DIRECTED TO REFILE. (Attachments: # 1 Proposed Order)(Elson, Ben) Modified text on 3/5/2024 (MKB). (Entered: 03/04/2024) |
| 03/05/2024 | 37 | PROPOSED ORDER TO JUDGE re 36 Motion for Extension of Time (General) filed by Thomas Rhodes.(Elson, Ben) (Entered: 03/05/2024) |
| 03/12/2024 | 38 | NOTICE OF ATTORNEY SUBSTITUTION for Michael McGee. (Wilk, David) (Entered: 03/12/2024) |
| 03/12/2024 | 39 | NOTICE of Appearance by Mark A Solheim on behalf of Michael McGee. (Solheim, Mark) (Entered: 03/12/2024) |
| 03/12/2024 | 40 | NOTICE of Appearance by David M Wilk on behalf of Michael McGee. (Wilk, David) (Entered: 03/12/2024) |
| 03/12/2024 | 41 | NOTICE of Appearance by Kevin McCarthy on behalf of Michael McGee. (McCarthy, Kevin) (Entered: 03/12/2024) |
| 03/12/2024 | 42 | NOTICE of Appearance by Zane Aubert on behalf of Michael McGee. (Aubert, Zane) (Entered: 03/12/2024) |
| 03/13/2024 | 43 | ANSWER to Complaint filed by Michael McGee. (Wilk, David) (Entered: 03/13/2024) |
| 03/14/2024 | 44 | *Ramsey County's* ANSWER to Complaint filed by Ramsey County. (Nogosek, Kristine) (Entered: 03/14/2024) |

| | | |
|---|---|---|
| 03/18/2024 | 45 | ANSWER to Complaint *and Affirmative Defenses* filed by William Joseph Chandler, Hennepin County. (Martenson, Christiana) (Entered: 03/18/2024) |
| 03/19/2024 | 46 | PROPOSED ORDER TO JUDGE re Scheduling and Discovery Plan. (Thomson, Brad) (Entered: 03/19/2024) |
| 03/25/2024 | 47 | (Text−Only) ORDERED Plaintiff's Motion to Extend the Time for Service Under Fed. R. Civ. P. 4(M) (Doc. #36) is, with Defendants having no objection, GRANTED. Plaintiff is granted 60 additional days to serve Defendant Boyd Beccue, Kandiyohi County Attorney. Plaintiff is granted leave to serve the Defendant Estate of Boyd Beccue by June 11, 2024 Ordered by Judge Brian C. Wimes on 3/25/2024. (TLD) (Entered: 03/25/2024) |
| 03/28/2024 | 48 | *Amended* ANSWER to Complaint filed by Hennepin County. (Martenson, Christiana) Modified text on 3/28/2024 (MMP). (Entered: 03/28/2024) |
| 04/02/2024 | 49 | (Text−Only) **MINUTE ENTRY for proceedings held before Judge Brian C. Wimes on 4/2/2024: Scheduling Conference.**<br><br>Time: 11:00 a.m.<br>11:20 p.m.<br>Total Time: 20<br><br>**PROCEEDINGS:**<br>Written Order to be issued.<br><br>(TLD) (Entered: 04/03/2024) |
| 04/03/2024 | 50 | SCHEDULING ORDER:<br><br>Pretrial Conference set for 10/1/2025 at 11:00 AM byTelephone Conference before Judge Brian C. Wimes.<br><br>Jury Trial set for 11/3/2025 at 09:00 AM before Judge Brian C. Wimes at the United States Courthouse in Minneapolis, Minnesota.<br><br>Signed by Judge Brian C. Wimes on 4/3/2024.(TLD) (Entered: 04/03/2024) |
| 05/28/2024 | 51 | NOTICE of Withdrawal as Attorney *by James W. Keeler, Jr.* (McLaren, Sarah) (Entered: 05/28/2024) |
| 06/03/2024 | 52 | Second MOTION *to Extend the Time for Service Under Fed. Civ. P. 4(m) (UNOPPOSED)* filed by Thomas Rhodes. (Elson, Ben) (Entered: 06/03/2024) |
| 06/03/2024 | 53 | PROPOSED ORDER TO JUDGE re 52 Motion for Miscellaneous Relief. (Elson, Ben) (Entered: 06/03/2024) |
| 06/10/2024 | 54 | (Text−Only) ORDERED Plaintiff's Second Motion to Extend Time for Service Under Fed. R. Civ. P. 4(m) (Doc. #52) is, with Defendants having no objection, GRANTED. Plaintiff shall effectuate service of process on the Estate of Boyd Beccue by July 15, 2024. Ordered by Judge Brian C. Wimes on 6/10/2024. (TLD) (Entered: 06/10/2024) |
| 06/19/2024 | 55 | |

Appellate Case: 26-1769    Page: 9    Date Filed: 04/24/2026 Entry ID: 5631220 2026 p9

| | | |
|---|---|---|
| | | MOTION to Alter/Amend/Supplement Pleadings 43 Answer to Complaint filed by Michael McGee. (Wilk, David) (Entered: 06/19/2024) |
| 06/19/2024 | 56 | MEET and CONFER STATEMENT re 55 Motion to Alter/Amend/Supplement Pleadings filed by Michael McGee.(Wilk, David) (Entered: 06/19/2024) |
| 06/19/2024 | 57 | MEMORANDUM in Support re 55 MOTION to Alter/Amend/Supplement Pleadings 43 Answer to Complaint filed by Michael McGee. (Attachments: # 1 Exhibit(s) 1 and 2, # 2 LR7.1/LR72.2 Word Count Compliance Certificate)(Wilk, David) (Entered: 06/19/2024) |
| 06/19/2024 | 58 | PROPOSED ORDER TO JUDGE re 55 MOTION to Alter/Amend/Supplement Pleadings 43 Answer to Complaint filed by Michael McGee.(Wilk, David) (Entered: 06/19/2024) |
| 06/25/2024 | 59 | MOTION for Admission Pro Hac Vice for Attorney Tayleece Paul. Filing fee $ 100, receipt number AMNDC–11153641 filed by Thomas Rhodes. (Phillips, Timothy) (Entered: 06/25/2024) |
| 06/26/2024 | 60 | (Text–Only) ORDER granting 59 Motion for Admission Pro Hac Vice of Attorney Tayleece Paul for Thomas Rhodes. Approved by Judge Brian C. Wimes on 6/26/2024. (KMO) (Entered: 06/26/2024) |
| 06/28/2024 | 61 | Consent MOTION to Alter/Amend/Supplement Pleadings *PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (UNOPPOSED)* filed by Thomas Rhodes. (Attachments: # 1 Proposed Amended Complaint)(Elson, Ben) (Entered: 06/28/2024) |
| 07/12/2024 | 62 | TEXT–ONLY ORDER that Defendant Ramsey County Medical Examiner Michael McGees Unopposed Motion for Leave to Amend Answer to Plaintiffs Complaint (Doc. #55) is, with the Court having reviewed the proposed amended answer (Doc. #57–1) and with Plaintiff having no objection, GRANTED. McGee is granted leave to file the proposed amended answer as an independent electronic docket entry immediately and not later than July 15, 2024. Entered by Judge Brian C. Wimes on 7/12/2024. (kt) (Entered: 07/12/2024) |
| 07/12/2024 | 63 | TEXT–ONLY ORDER that Plaintiffs Motion for Leave to File an Amended Complaint (Doc. #61) is, with the Court having reviewed the proposed amended complaint (Doc. #61–1) and with Defendants having no objection, GRANTED. Plaintiff is granted leave to file the proposed amended complaint as an independent electronic docket entry immediately and not later than July 15, 2024. Entered by Judge Brian C. Wimes on 7/12/2024. (kt) (Entered: 07/12/2024) |
| 07/12/2024 | 64 | AMENDED COMPLAINT against William Joseph Chandler, Hennepin County, Kandiyohi County, Michael McGee, Ramsey County, Estate of Boyd Beccue. filed by Thomas Rhodes. Filer requests summons issued. (Elson, Ben) (Entered: 07/12/2024) |
| 07/15/2024 | 65 | Summons Issued as to Boyd Beccue, William Joseph Chandler, Hennepin County, Kandiyohi County, Michael McGee, Ramsey County. (MKB) (Entered: 07/15/2024) |
| 07/15/2024 | 66 | *DEFENDANT RAMSEY COUNTY MEDICAL EXAMINER MICHAEL MCGEE'S* ANSWER to 64 Amended Complaint filed by Michael McGee. (Wilk, David) (Entered: 07/15/2024) |
| 07/16/2024 | 67 | |

| | | |
|---|---|---|
| | | MOTION for Judgment on the Pleadings filed by Michael McGee. (Wilk, David) (Entered: 07/16/2024) |
| 07/16/2024 | 68 | MEET and CONFER STATEMENT re 67 Motion for Judgment on the Pleadings filed by Michael McGee.(Aubert, Zane) (Entered: 07/16/2024) |
| 07/16/2024 | 69 | MEMORANDUM in Support re 67 MOTION for Judgment on the Pleadings filed by Michael McGee. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Wilk, David) (Entered: 07/16/2024) |
| 07/16/2024 | 70 | Declaration of David M. Wilk in Support of 67 MOTION for Judgment on the Pleadings filed by Michael McGee. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8)(Wilk, David) (Entered: 07/16/2024) |
| 07/16/2024 | 71 | PROPOSED ORDER TO JUDGE re 67 MOTION for Judgment on the Pleadings filed by Michael McGee.(Wilk, David) (Entered: 07/16/2024) |
| 07/22/2024 | 72 | First MOTION to Dismiss/General filed by William Joseph Chandler, Hennepin County. (Martenson, Christiana) (Entered: 07/22/2024) |
| 07/22/2024 | 73 | NOTICE OF HEARING ON MOTION 72 First MOTION to Dismiss/General : Date and time to be determined. (Martenson, Christiana) (Entered: 07/22/2024) |
| 07/22/2024 | 74 | MEMORANDUM in Support re 72 First MOTION to Dismiss/General filed by William Joseph Chandler, Hennepin County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Martenson, Christiana) (Entered: 07/22/2024) |
| 07/22/2024 | 75 | First Declaration of Christiana Martenson in Support of 72 First MOTION to Dismiss/General filed by William Joseph Chandler, Hennepin County. (Attachments: # 1 Exhibit(s) Exhibit 1, # 2 Exhibit(s) Exhibit 2, # 3 Exhibit(s) Exhibit 3, # 4 Exhibit(s) Exhibit 4, # 5 Exhibit(s) Exhibit 5)(Martenson, Christiana) (Entered: 07/22/2024) |
| 07/22/2024 | 76 | MEET and CONFER STATEMENT re 72 Motion to Dismiss/General filed by William Joseph Chandler, Hennepin County.(Martenson, Christiana) (Entered: 07/22/2024) |
| 07/22/2024 | 77 | PROPOSED ORDER TO JUDGE re 72 First MOTION to Dismiss/General filed by William Joseph Chandler, Hennepin County.(Martenson, Christiana) (Entered: 07/22/2024) |
| 07/22/2024 | 78 | WAIVER OF SERVICE Returned Executed filed by Boyd Beccue. Boyd Beccue waiver sent on 7/12/2024, answer due 9/10/2024. (Bayliss, Kenneth) (Entered: 07/22/2024) |
| 07/23/2024 | 79 | (Text–Only) NOTICE OF SCHEDULING: DISCOVERY DISPUTE Conference set for 7/30/2024 at 02:00 PM in Telephone Conference (no courtroom) before Judge Brian C. Wimes.<br><br>Ordered by Judge Brian C. Wimes on 7/23/2024. Conference call information emailed to counsel. (TLD) (Entered: 07/23/2024) |
| 07/24/2024 | 80 | *Defendant Kandiyohi County's* ANSWER to 64 Amended Complaint filed by Kandiyohi County. (Bayliss, Kenneth) (Entered: 07/24/2024) |
| 07/26/2024 | 81 | |

Appellate Case: 26-1769    Page: 11    Date Filed: 04/24/2026 Entry ID: 5492820    Sept 2026 p11

| | | | |
|---|---|---|---|
| | | | *Defendant Ramsey County's* ANSWER to 64 Amended Complaint filed by Ramsey County. (Nogosek, Kristine) (Entered: 07/26/2024) |
| 07/30/2024 | 82 | (Text−Only) **MINUTE ENTRY for proceedings held before Judge Brian C. Wimes on 7/30/2024: Discovery Dispute Telephone Conference.**<br><br>Time: 2:00 p.m. – 2:20 p.m.<br>Total Time: 20<br><br><br>(TLD) Court Reporter: Jodi Quelle, 816−512−5623 (Entered: 07/30/2024) |
| 07/30/2024 | 83 | ORDERED discovery is temporarily STAYED as to Defendant Michael McGee until such time that the Court rules on the issue of whether discovery should be stayed as to McGee until the Court rules on the pending motion for judgment on the pleadings.<br><br>ORDERED Plaintiff will receive an extension of time to respond to McGees motion for judgment on the pleadings once the stay issue has been resolved.<br><br>ORDER/NOTICE TO ATTORNEY. DISCOVERY DISPUTE TELEPHONE Conference set for 8/16/2024 at 10:00 AM before Judge Brian C. Wimes.<br><br>Signed by Judge Brian C. Wimes on 7/30/2024.(TLD) Conference call information emailed to counsel. (Entered: 07/30/2024) |
| 08/12/2024 | 84 | MEMORANDUM in Opposition re 72 First MOTION to Dismiss/General filed by Thomas Rhodes. (Attachments: # 1 Exhibit(s) Exhbit 1 – Chandler July 6, 1998 Report, # 2 Exhibit(s) Exhibit 2 – Chandler Interrogatory Answers)(Elson, Ben) (Entered: 08/12/2024) |
| 08/15/2024 | 85 | (Text−Only) NOTICE of Cancelation of Hearing: DISCOVERY DISPUTE TELEPHONE Conference set for 8/16/2024 at 10:00 AM before Judge Brian C. Wimes is canceled.<br><br>(TLD) (Entered: 08/15/2024) |
| 08/16/2024 | 86 | (Text−Only) NOTICE of Resetting of Hearing: 85 (Text−Only)<br><br>DISCOVERY DISPUTE TELEPHONE Conference set for 9/4/2024 at 10:00 AM before Judge Brian C. Wimes.<br><br>(TLD) Conference call information emailed to counsel. (Entered: 08/16/2024) |
| 08/26/2024 | 87 | Reply to Response to Motion re 72 First MOTION to Dismiss/General filed by William Joseph Chandler, Hennepin County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Martenson, Christiana) (Entered: 08/26/2024) |
| 09/04/2024 | 88 | (Text−Only) **MINUTE ENTRY for proceedings held before Judge Brian C. Wimes on 9/4/2024: Discovery Dispute Telephone Conference.**<br><br>Courtroom Chambers<br>Time: 10:00 am – 10:15 am<br>Total Time: 15 |

Appellate Case: 26-1769   Page: 12   Date Filed: 04/24/2026 Entry ID: 5632830   Apr 30 2026 p12

| | | |
|---|---|---|
| | | **APPEARANCES:**<br>**For Plaintiff(s):** Ben Elson; Brad Thomson; Tayleese Paul<br>**For Defendant(s):** David Wilk; Sarah McLaren; Kenneth Bayliss; Kristine Nogosek<br>Court Reporter: Denise Halasey; Denise_Halasey@mow.uscourts.gov<br><br>(TLD) (Entered: 09/04/2024) |
| 09/05/2024 | 89 | ORDERED discovery is STAYED as to Defendant Michael McGee only, pending ruling on Defendant Ramsey County Medical Examiner Michael McGees Rule 12(c) Motion for Judgment on the Pleadings. (Doc. #67). This limited stay of discovery will lift automatically upon the Courts ruling on the motion. Plaintiff shall respond to McGee's Motion for Judgment on the Pleadings on or before October 4, 2024. Thereafter, McGee shall reply on or before October 16, 2024. Signed by Judge Brian C. Wimes on 9/5/2024.(TLD) (Entered: 09/05/2024) |
| 09/09/2024 | 90 | *Defendant Estate of Boyd Beccue* ANSWER to 64 Amended Complaint filed by Kandiyohi County. (Bayliss, Kenneth) (Entered: 09/09/2024) |
| 09/25/2024 | 91 | NOTICE of Appearance by Brett Bacon on behalf of Ramsey County. (Bacon, Brett) (Entered: 09/25/2024) |
| 10/04/2024 | 92 | MEMORANDUM in Opposition re 67 MOTION for Judgment on the Pleadings filed by Thomas Rhodes. (Attachments: # 1 Certificate of Compliance, # 2 Declaration in Opposition, # 3 Exhibit(s) Exhibit 1 – Beccue Notes, # 4 Exhibit(s) Exhibit 2 – McGee Affidavit)(Thomson, Brad) (Entered: 10/04/2024) |
| 10/16/2024 | 93 | Reply to Response to Motion re 67 MOTION for Judgment on the Pleadings filed by Michael McGee. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Wilk, David) (Entered: 10/16/2024) |
| 01/13/2025 | 94 | STIPULATION *for Protective Order* by Thomas Rhodes. Jointly Signed by Ramsey County, Hennepin County, William Chandler, Michael McGee, Kandiyohi County, and Estate of Kandiyohi County Attorney Boyd Beccue. (Phillips, Timothy) (Entered: 01/13/2025) |
| 01/13/2025 | 95 | PROPOSED ORDER TO JUDGE re 94 Stipulation. (Phillips, Timothy) (Entered: 01/13/2025) |
| 01/24/2025 | 96 | Joint MOTION *Suspend Scheduling and Jury Trial Order* re 50 Scheduling Order,, Trial Management Order, filed by Thomas Rhodes. (Thomson, Brad) (Entered: 01/24/2025) |
| 01/24/2025 | 97 | PROPOSED ORDER TO JUDGE re Motion to Suspend Scheduling and Jury Trial Order 96 Motion for Miscellaneous Relief. (Thomson, Brad) (Entered: 01/24/2025) |
| 01/31/2025 | 98 | ORDERED the Joint Motion to Suspend Scheduling Order (Doc. #96) is GRANTED IN PART and DENIED IN PART. The motion is granted as to the request the Scheduling Order be suspended until the Court rules on Defendant McGee's Rule 12(c) Motion. The motion is denied as to the request the Scheduling Order be suspended until any interlocutory appeals are completed.<br><br>ORDERED after the Court has ruled on Defendant McGees Rule 12(c) Motion, the Court will hold a scheduling conference and issue a new scheduling and jury trial order. |

| | | |
|---|---|---|
| | | Signed by Judge Brian C. Wimes on 1/31/2025. (TLD) (Entered: 01/31/2025) |
| 01/31/2025 | 99 | NOTICE of Withdrawal as Attorney *Elle Lannon* (Bayliss, Kenneth) (Entered: 01/31/2025) |
| 02/11/2025 | 100 | PROTECTIVE ORDER Signed by Judge Brian C. Wimes on 2/11/2025.(TLD) (Entered: 02/11/2025) |
| 03/26/2025 | 101 | ORDERED Defendants Hennepin County and retired Hennepin County Sheriff's Office Captain William Chandler's Motion to Dismiss (Doc. #72) is GRANTED and the First Amended Complaint is DISMISSED as to Hennepin County and retired Hennepin County Sheriffs Office Captain William Chandler. Signed by Judge Brian C. Wimes on 3/25/2025. (TLD) (Entered: 03/26/2025) |
| 03/26/2025 | 102 | ORDERED Defendant Ramsey County, Minnesota Medical Examiner Michael McGee's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) (Doc. #67) is GRANTED and the First Amended Complaint is DISMISSED as to Michael McGee. Signed by Judge Brian C. Wimes on 3/25/2025. (TLD) (Entered: 03/26/2025) |
| 04/13/2025 | 104 | MOTION to Alter/Amend/Supplement Pleadings *Plaintiff's Motion for Leave to File a Second Amended Complaint Or In the Alternative*, MOTION to Reconsider *the Court's Order Granting Defendant McGee's Rule 12(c) Motion and Its Order Granting Defendant Chandler's Rule 12(b)(6) Motion* filed by Thomas Rhodes. (Attachments: # 1 Exhibit(s) 1 – Plaintiff's Proposed Second Amended Complaint)(Elson, Ben) (Entered: 04/13/2025) |
| 04/21/2025 | 105 | RESPONSE in Opposition re 104 MOTION to Alter/Amend/Supplement Pleadings *Plaintiff's Motion for Leave to File a Second Amended Complaint Or In the Alternative* MOTION to Reconsider *the Court's Order Granting Defendant McGee's Rule 12(c) Motion and Its Order Granting Defendant Chandler's Rule 12(b)(6) Motion* filed by William Joseph Chandler, Hennepin County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Martenson, Christiana) (Entered: 04/21/2025) |
| 04/21/2025 | 106 | AFFIDAVIT of Christiana M. Martenson in OPPOSITION TO 104 MOTION to Alter/Amend/Supplement Pleadings *Plaintiff's Motion for Leave to File a Second Amended Complaint Or In the Alternative* MOTION to Reconsider *the Court's Order Granting Defendant McGee's Rule 12(c) Motion and Its Order Granting Defendant Chandler's Rule 12(b)(6) Motion* filed by William Joseph Chandler, Hennepin County.(Martenson, Christiana) (Entered: 04/21/2025) |
| 04/21/2025 | 107 | MEMORANDUM in Opposition re 104 MOTION to Alter/Amend/Supplement Pleadings *Plaintiff's Motion for Leave to File a Second Amended Complaint Or In the Alternative* MOTION to Reconsider *the Court's Order Granting Defendant McGee's Rule 12(c) Motion and Its Order Granting Defendant Chandler's Rule 12(b)(6) Motion* filed by Michael McGee. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Wilk, David) (Entered: 04/21/2025) |
| 04/21/2025 | 108 | MEMORANDUM in Opposition re 104 MOTION to Alter/Amend/Supplement Pleadings *Plaintiff's Motion for Leave to File a Second Amended Complaint Or In the Alternative* MOTION to Reconsider *the Court's Order Granting Defendant McGee's Rule 12(c) Motion and Its Order Granting Defendant Chandler's Rule 12(b)(6) Motion* filed by Boyd Beccue, Kandiyohi County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Bayliss, Kenneth) (Entered: 04/21/2025) |

| | | |
|---|---|---|
| 04/21/2025 | 109 | MEMORANDUM in Opposition re 104 MOTION to Alter/Amend/Supplement Pleadings *Plaintiff's Motion for Leave to File a Second Amended Complaint Or In the Alternative* MOTION to Reconsider *the Court's Order Granting Defendant McGee's Rule 12(c) Motion and Its Order Granting Defendant Chandler's Rule 12(b)(6) Motion* filed by Ramsey County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Nogosek, Kristine) (Entered: 04/21/2025) |
| 09/25/2025 | 110 | (Text−Only) NOTICE of Cancelation of Hearing: 50 SCHEDULING ORDER:<br><br>Pretrial Conference set for 10/1/2025 at 11:00 AM by Telephone Conference and Jury Trial set for 11/3/2025 at 09:00 AM before Judge Brian C. Wimes at the United States Courthouse in Minneapolis, Minnesota.<br><br>Signed by Judge Brian C. Wimes on 4/3/2024 are cancelled.(TLD). (TLD) (Entered: 09/25/2025) |
| 09/25/2025 | 111 | (Text−Only) ORDER/NOTICE OF SCHEDULING: Status Conference set for 11/12/2025 at 01:00 PM in Telephone Conference (no courtroom) before Judge Brian C. Wimes.<br><br>Ordered by Judge Brian C. Wimes on 9/25/2025. Conference call information emailed counsel.(TLD) (Entered: 09/25/2025) |
| 10/15/2025 | 112 | ORDERED Plaintiff Thomas Rhodes' Motion for Leave to File a Second Amended Complaint or in the Alternative for Reconsideration (Doc. #104) is DENIED.<br><br>The parties shall meet and confer to prepare a joint proposed scheduling order in preparation for the telephone conference scheduled in this matter on November 12, 2025. The parties' proposed amended litigation schedule shall be filed not later than November 4, 2025.<br><br>Signed by Judge Brian C. Wimes on 10/15/2025. (TLD) (Entered: 10/15/2025) |
| 11/05/2025 | 113 | PROPOSED ORDER TO JUDGE re Joint Proposed Scheduling Order. (Thomson, Brad) (Entered: 11/05/2025) |
| 11/12/2025 | 114 | (Text−Only) **MINUTE ENTRY for proceedings held before Judge Brian C. Wimes on 11/12/2025: Status Conference.**<br><br>Courtroom Telephone Conference<br>Time: 1:00 pm<br>1:20 pm<br>Total Time: 20<br><br>**APPEARANCES:**<br>**For Plaintiff(s):** Flint Taylor; Brad Thomson<br>**For Defendant(s):** Ken Bayless; Kristine Nogosek; Zane Aubert<br><br>**PROCEEDINGS:**<br>Discussion regarding case status. The parties are to meet and confer regarding proposed scheduling order and file proposed scheduled order by November 19, 2025.<br><br>(TLD) Court Reporter Denise Halasey Denise_Halasey@mow.uscourts.gov (Entered: |

| | | |
|---|---|---|
| | | 11/12/2025) |
| 11/19/2025 | 115 | PROPOSED ORDER TO JUDGE re Scheduling. (Thomson, Brad) (Entered: 11/19/2025) |
| 11/21/2025 | 116 | AMENDED SCHEDULING ORDER: Final Pretrial Conference set for 8/4/2026 at 02:30 PM by Telephone Conference before Judge Brian C. Wimes.<br><br>Jury Trial set for 8/31/2026 at 08:30 AM before Judge Brian C. Wimes. (Location to be provided).<br><br>Signed by Judge Brian C. Wimes on 11/21/2025.(TLD) (Entered: 11/21/2025) |
| 12/03/2025 | 117 | NOTICE of Appearance by Cally R Kjellberg–Nelson on behalf of Boyd Beccue, Kandiyohi County. (Kjellberg–Nelson, Cally) (Entered: 12/03/2025) |
| 12/03/2025 | 118 | MOTION for Judgment on the Pleadings filed by Boyd Beccue, Kandiyohi County. (Bayliss, Kenneth) (Entered: 12/03/2025) |
| 12/03/2025 | 119 | MEET and CONFER STATEMENT re 118 Motion for Judgment on the Pleadings filed by Boyd Beccue, Kandiyohi County.(Bayliss, Kenneth) (Entered: 12/03/2025) |
| 12/03/2025 | 120 | MEMORANDUM in Support re 118 MOTION for Judgment on the Pleadings filed by Boyd Beccue, Kandiyohi County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Bayliss, Kenneth) (Entered: 12/03/2025) |
| 12/03/2025 | 121 | Declaration of Kenneth H. Bayliss in Support of 118 MOTION for Judgment on the Pleadings filed by Boyd Beccue, Kandiyohi County. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4)(Bayliss, Kenneth) (Entered: 12/03/2025) |
| 12/03/2025 | 122 | PROPOSED ORDER TO JUDGE re Defendants' Motion for Judgment on the Pleadings 118 Motion for Judgment on the Pleadings. (Bayliss, Kenneth) (Entered: 12/03/2025) |
| 12/03/2025 | 123 | MOTION for Judgment on the Pleadings filed by Ramsey County. (Plaisance, Kevin) (Entered: 12/03/2025) |
| 12/03/2025 | 124 | MEMORANDUM in Support re 123 MOTION for Judgment on the Pleadings filed by Ramsey County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Plaisance, Kevin) (Entered: 12/03/2025) |
| 12/03/2025 | 125 | PROPOSED ORDER TO JUDGE re 123 MOTION for Judgment on the Pleadings filed by Ramsey County.(Plaisance, Kevin) (Entered: 12/03/2025) |
| 12/17/2025 | 126 | MEMORANDUM in Opposition re 123 MOTION for Judgment on the Pleadings filed by Thomas Rhodes. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Thomson, Brad) (Entered: 12/17/2025) |
| 12/17/2025 | 127 | MEMORANDUM in Opposition re 118 MOTION for Judgment on the Pleadings filed by Thomas Rhodes. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Thomson, Brad) (Entered: 12/17/2025) |
| 12/23/2025 | 128 | Reply to Response to Motion re 123 MOTION for Judgment on the Pleadings filed by Ramsey County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Nogosek, Kristine) (Entered: 12/23/2025) |

| | | |
|---|---|---|
| 12/24/2025 | 129 | Reply to Response to Motion re 118 MOTION for Judgment on the Pleadings filed by Boyd Beccue, Kandiyohi County. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Bayliss, Kenneth) (Entered: 12/24/2025) |
| 12/31/2025 | 130 | NOTICE of Withdrawal as Attorney (Bayliss, Kenneth) (Entered: 12/31/2025) |
| 01/20/2026 | 131 | (Text–Only) Discovery Dispute Telephone Conference set for 2/3/2026 at 10:00 AM in before Judge Brian C. Wimes. <br><br> (TLD) Conference call information emailed to counsel. (Entered: 01/20/2026) |
| 01/22/2026 | 132 | Joint MOTION to Stay *Discovery* filed by Thomas Rhodes. (Thomson, Brad) (Entered: 01/22/2026) |
| 01/22/2026 | 133 | MEET and CONFER STATEMENT re 132 Motion to Stay filed by Thomas Rhodes.(Thomson, Brad) (Entered: 01/22/2026) |
| 01/22/2026 | 134 | PROPOSED ORDER TO JUDGE re 132 Joint MOTION to Stay *Discovery* filed by Thomas Rhodes.(Thomson, Brad) (Entered: 01/22/2026) |
| 02/02/2026 | 135 | (Text–Only) ORDER Cancelling Discovery Dispute Telephone Conference set for February 3rd, 2026, at 10:00 a.m. <br><br> Ordered by Judge Brian C. Wimes on 2/2/2026.(TLD) (Entered: 02/02/2026) |
| 02/02/2026 | 136 | TEXT ORDER: ORDERED the parties' Joint Motion to Stay Discovery (Doc. #132) is GRANTED. Discovery is STAYED until the Court rules on (1) Defendants Kandiyohi County and Estate of Beccue's Rule 12(c) Motion for Judgment on the Pleadings (Doc. #118) and (2) Ramsey County's Motion for Judgment on the Pleadings (Doc. #123). <br><br> Signed by Judge Brian C. Wimes on 2/2/2026. (TLD) (Entered: 02/02/2026) |
| 02/03/2026 | 137 | NOTICE of Withdrawal as Attorney (Plaisance, Kevin) (Entered: 02/03/2026) |
| 02/27/2026 | 138 | NOTICE of Withdrawal as Attorney *and Substitution of Counsel* (Kjellberg–Nelson, Cally) (Entered: 02/27/2026) |
| 03/31/2026 | 139 | ORDER granting 123 Motion for Judgment on the Pleadings. <br><br> Signed by Judge Brian C. Wimes on 3/31/2026. (TLD) (Entered: 03/31/2026) |
| 04/03/2026 | 140 | ORDER granting 118 Motion for Judgment on the Pleadings. <br><br> Signed by Judge Brian C. Wimes on 4/3/2026. (TLD) (Entered: 04/03/2026) |
| 04/08/2026 | 141 | (Text–Only) ORDER Directing Clerk to Enter Judgment. <br><br> ORDERED, consistent with the Orders of the Court (Docs. #139 & #140), the Clerk of the Court is directed to enter judgment accordingly. <br><br> Ordered by Judge Brian C. Wimes on 4/8/2026.(TLD) (Entered: 04/08/2026) |
| 04/08/2026 | 142 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(MKB) (Entered: 04/08/2026) |
| 04/19/2026 | 143 | NOTICE OF APPEAL TO 8TH CIRCUIT by Thomas Rhodes. Filing fee $ 605, receipt number AMNDC–12891537. (Phillips, Timothy) (Entered: 04/19/2026) |

| 04/20/2026 | 144 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 143 . (MKB) (Entered: 04/20/2026) |
|---|---|---|

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| THOMAS RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:24-CV-00104-BCW |
| | ) | |
| MICHAEL MCGEE, | ) | |
| Ramsey County Medical Examiner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Hennepin County and retired Hennepin County Sheriff's Office Captain William Chandler's Motion to Dismiss. (Doc. #72). The Court being duly advised of the premises, grants said motion.

## BACKGROUND

Plaintiff Thomas Rhodes' wife, Jane Rhodes, drowned late on or about August 2, 1996, in Green Lake in Kandiyohi County, Minnesota after falling off a boat Plaintiff was driving. (Doc. #64 at ¶¶ 3, 24, 34). Jane Rhodes' body was discovered by two fishermen on August 3, 1996. Id. at ¶ 34. Defendant Michael McGee ("McGee"), then Medical Examiner for Ramsey County, conducted an autopsy on August 6, 1996. Id. at ¶ 37. McGee listed Jane Rhodes' manner of death as "pending investigation." Id. at ¶ 39. On January 8, 1997, McGee met with Defendant Boyd Beccue, the Kandiyohi County Attorney regarding the investigation. Id. at ¶ 40. After the meeting, McGee completed his medical examiner's autopsy report. Id. at ¶ 51.

Defendant Sheriff's Office Captain William Chandler ("Chandler") authored a report, dated March 26, 1997, which stated that Jane Rhodes' body could not have fallen into the lake where Plaintiff stated she had. Id. at ¶ 59. Chandler stated that the temperature at the bottom of the lake where Plaintiff told authorities he believed Jane Rhodes fell in was 39 degrees Fahrenheit. Id.

1

at ¶ 61. Chandler claimed that due to this low temperature, Jane Rhodes' body would have decomposed slowly and would have taken weeks to resurface. Id. at ¶ 62. A Department of Natural Resources report stated that the temperature at that depth was 68.9 degrees Fahrenheit. Id. at ¶ 63.

Subsequently, Plaintiff was indicted for first-degree and second-degree murder. Id. at ¶¶ 41, 65. McGee and Chandler met before the trial. Id. at ¶ 67. Chandler testified at Plaintiff's trial. Id. at ¶ 68. On July 29, 1998, Plaintiff was convicted of first-degree murder and second-degree murder by a jury. Id. at ¶ 70.

After Plaintiff's conviction, Plaintiff filed multiple appeals and post-conviction petitions. Id. at ¶ 7. The Conviction Review Unit of the Minnesota Attorney General's office reviewed the case and found issues with the prosecution of the case. Id. at ¶ 71. Shortly thereafter, on January 13, 2023, Plaintiff's murder convictions were vacated in exchange for Plaintiff's Alford plea[1] to negligent manslaughter. Id. at ¶¶ 73-74. Plaintiff was sentenced to four years for manslaughter and was released for time served. Id. at ¶ 74.

The remaining claims against Chandler are: (Count I) § 1983 violation of due process and (Count IV) conspiracy to deprive constitutional rights.[2] To the extent Count I asserts that Chandler violated Plaintiff's procedural due process rights by withholding exculpatory information (i.e., a Brady claim), Rhodes does not oppose Chandler's arguments for dismissal of the Brady claim. Martin v. Safe Haven Sec. Servs., Inc., No. 19-CV-00063-ODS, 2020 WL 13538608, at *7 (W.D. Mo. May 14, 2020) (granting motion to dismiss where plaintiffs failed to respond to defendant's arguments for dismissal); see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731,

---

[1] North Carolina v. Alford, 400 U.S. 25, 37 (1970). An Alford plea is a guilty plea where the defendant maintains a claim of innocence to the underlying criminal conduct charged but admits that sufficient evidence exists to convict the defendant of the offense.
[2] Plaintiff voluntarily dismissed the following claims against Chandler: Count II - malicious prosecution claim, Count III - failure to intervene claim, Count V - state law malicious prosecution claim, and Count VI - intentional infliction of emotional distress. (Doc. #84).

2

735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."). Thus, Chandler's motion to dismiss is granted as to any procedural due process claim against him. The Court considers the motion to dismiss Count I only as to a violation of substantive due process based on the alleged fabrication of evidence.

The only remaining claim as to Hennepin County is: (Count VII) indemnification of Plaintiff's federal claims against Chandler.[3]

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Fed. R. Civ. P. 12(b)(6)). Factual allegations in the complaint must be sufficiently alleged to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554–55 (2007). When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (citations omitted). However, the Court need not accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

When considering a Rule 12 motion, a court generally ignores materials outside the pleadings but may consider matters of public record and materials that are necessarily embraced by the pleadings. See Porous Media v. Pall Corp., 186 F.3d at 1007, 1079 (8th Cir. 1999). Court records are public records that this Court may consider. See id.; Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007). Materials embraced by the pleadings include "documents whose contents are

---

[3] Plaintiff voluntarily dismissed the indemnification claim as to Plaintiff's state law claims against Chandler (all of which Plaintiff voluntarily dismissed). (Doc #84).

3

alleged in a complaint and whose authenticity no party questions." <u>Kushner v. Beverly Enters.,</u> <u>Inc.</u>, <u>317 F.3d 820, 831</u> (8th Cir. 2003) (citation omitted).

## **ANALYSIS**

Chandler moves to dismiss all remaining claims against him (Counts I and IV) based on absolute testimonial immunity and qualified immunity. Chandler argues he is entitled to absolute immunity to the extent that Plaintiff's claims are based on alleged false grand jury or trial testimony or a conspiracy to falsely testify. Additionally, Chandler argues qualified immunity bars Plaintiff's claim that Chandler manufactured false evidence about the water temperature because Plaintiff does not allege any facts to suggest that Chandler knew the water temperature was different than what he concluded in his report or that he intentionally ignored or lied about it in his report.

Plaintiff's substantive due process claim in Count I alleges Defendants "fabricated the false and totally unreliable statements or reports . . . which formed the basis for Plaintiff's charging prosecution, and conviction." (<u>Doc. #64 at</u> ¶ 89). Specifically, Plaintiff alleges Chandler falsified the water temperature of the lake in his March 26, 1997 police report in order to pursue the false theory that Jane Rhodes' death was the result of premeditated, intentional homicide, and that Chandler testified based on this manufactured report. <u>Id.</u> at ¶¶ 59-64, 68-69. Plaintiff's conspiracy Count IV alleges that Defendants conspired with others to frame Plaintiff for murdering his wife. <u>Id.</u> at ¶ 106. Specifically, Plaintiff alleges Chandler met with McGee to "perfect their false testimony to ensure Plaintiff Rhodes was wrongfully convicted." <u>Id.</u> at ¶ 67. And, that "[i]n furtherance of the their conspiracy to frame Plaintiff, Defendants McGee and Chandler falsely testified that their reports were true and accurate." <u>Id.</u> at ¶ 69.

Hennepin County moves to dismiss the indemnification claim (Count VII) arguing that because Plaintiff's § 1983 claims fail there is no claim requiring indemnification and, even if there were, Plaintiff may not assert Chandler's right to seek indemnification from Hennepin County.

**I.      Chandler is entitled to absolute immunity on Count I and Count IV to the extent Plaintiff alleges Chandler testified falsely or conspired to testify falsely.**

Chandler argues he is entitled to absolute immunity on Counts I and IV to the extent Plaintiff's § 1983 claims are based on allegations that Chandler testified falsely or conspired to testify falsely. (Doc. #74 at 8-9).  Plaintiff does not dispute that Chandler cannot be found liable based on his grand jury or trial testimony. (Doc. #84 at 13). Although Plaintiff asserts that he has sufficiently alleged a conspiracy to fabricate evidence, he concedes that he is not alleging a conspiracy with the purpose of providing false testimony. Id. at 15. Instead, Plaintiff relies on a different theory, arguing that he is suing Chandler "for fabricating evidence during the investigatory phase of the Rhodes homicide case"—specifically, "Chandler's knowing fabrication of his police reports." Id.

Trial and grand jury witnesses have "absolute immunity from any § 1983 claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 369 (2012). The immunity cannot "be circumvented by claiming that a . . . witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim . . . ." Id. Thus, a § 1983 claim cannot be based on the witness's preparation for trial (by, for instance, sharing his or her planned testimony with the prosecutor) because

> [i]n the vast majority of cases involving a claim against a . . . witness, the witness and the prosecutor conducting the investigation engage in preparatory activity, such as a preliminary discussion in which the witness relates the substance of his intended testimony. We decline to endorse a rule of absolute immunity that is so easily frustrated.

Rehberg, 566 U.S. at 369-70.[4]

---

[4] Courts generally agree that in light of Rehberg's directive that absolute immunity extends to "any § 1983 claim based on the witness' testimony," Rehberg, 566 U.S. at 369, a plaintiff's claim is barred by that immunity unless the claim can be made without reference to that testimony. E.g., Montoya v. Vigil, 898 F.3d 1056, 1069-71 (10th Cir. 2018); Sanders v. Jones, 845 F.3d 721, 731 (6th Cir. 2017), cert. granted and judgment vacated on other grounds, 138 S. Ct. 649 (2018); Coggins v. Buonora, 776 F.3d 108, 113 (2d Cir.

Thus, to the extent Plaintiff's claims in Count I rest on Chandler's grand jury or trial testimony or allegations that Chandler conspired with others regarding his testimony, they are barred by absolute immunity. As a result, Count IV is dismissed as to Chandler to the extent it is based on a conspiracy to present false testimony. See Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (affirming dismissal of conspiracy claim based on absolute witness immunity); House v. Belford, 956 F.2d 711, 720–21 (7th Cir. 1992) (per curiam) (same).

**II.  In addition, and/or in the alternative, Chandler is entitled to qualified immunity on Count I and Count IV.**

### A.  Plaintiff has failed to allege sufficient facts that Chandler fabricated evidence.

Chandler argues qualified immunity bars Plaintiff's claim that Chandler manufactured false evidence about the water temperature because Plaintiff does not allege any facts to suggest that Chandler knew the water temperature was different than what he concluded in his report or that he intentionally ignored or lied about it in his report. (Doc. #74 at 14). Plaintiff argues that because the water temperature Chandler relied on was "demonstrably false," the police report was used at trial to "undermin[e] Plaintiff's version of events," and Chandler was involved with McGee and Beccue, this is sufficient at the pleading stage to infer Chandler acted intentionally.[5] (Doc. #84 at 10-11).

"Evaluating a claim of qualified immunity requires a 'two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2)

---

2015), cert. denied, 135 S. Ct. 2335 (2015); see also Mastrioianni v. Bowers, 173 F.3d 1363, 1367 (11th Cir. 1999) (pre-Rehberg decision).

[5] To the extent Plaintiff suggests that Chandler's report itself was admitted at trial, the Court notes that the First Amended Complaint makes no such allegation. As discussed extensively by the Court in its order on McGee's Motion for Judgment on the Pleadings, in order for fabricated evidence to violate a plaintiff's due process rights that evidence must be actually be admitted. "[I]f an officer . . . fabricates evidence and puts that fabricated evidence in a drawer, making no further use of it, then the officer has not violated due process; the action did not cause an infringement of anyone's liberty interest.'" Winslow v. Smith, 696 F.3d 716, 735 (8th Cir. 2012) (quoting Whitlock v. Brueggemann, 682 F.3d 567, 582 (7th Cir. 2012), cert. denied, 568 U.S. 1143 (2013)).

Appellate Case: 26-1769    Page: 24    Date Filed: 04/24/2026 Entry ID: 5632820    April 20 2026 p24

whether that right was clearly established at the time of the defendant's alleged misconduct.'" Winslow v. Smith, 696 F.3d 716, 730-31 (8th Cir. 2012). The constitutional or statutory right at issue is the right to be free from the use of false evidence to secure a conviction. "[A] manufactured false evidence claim requires proof that investigators deliberately fabricated evidence in order to frame a criminal defendant." Id. at 732. Thus, a plaintiff must allege facts supporting intentional or reckless conduct to create false evidence; negligence is insufficient. See Folkerts v. City of Waverly, Iowa, 707 F.3d 975, 981 (8th Cir. 2013).

Here, Plaintiff alleges Chandler fabricated evidence by authoring a police report providing his conclusion that, based on temperature at the bottom of the lake and the time it took for the body to resurface, Jane Rhodes' body could not have fallen in the lake where Plaintiff stated. (Doc. #64 at ¶¶ 5, 58-62). Plaintiff has failed to allege sufficient facts to support his argument that Chandler "deliberately fabricated evidence" to frame Plaintiff. Winslow, 696 F.3d at 732.

Plaintiff alleges that Chandler's conclusions were contradicted by a Department of Natural Resources report. (Doc. #64 at ¶ 63). However, Plaintiff does not allege any facts to suggest that Chandler knew the water temperature was different than what he concluded in his report or that he intentionally ignored or lied about it in his report. Indeed, Plaintiff does not contest Chandler's assertion that the Department of Natural Resources report, which is incorporated by reference in the First Amended Complaint and whose authenticity is unquestioned, was published in 2006. (Doc. #74 at 23; #75-4 at 406). Even if the report was used at trial to undermine Plaintiff's version of events and even if Chandler met with McGee and/or Beccue before trial, these facts do not give rise to the reasonable inference that Chandler is liable for deliberately fabricating evidence leading to Plaintiff's conviction. Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 570. The facts alleged by Plaintiff do not allow the Court to infer "more than the mere possibility of misconduct." Iqbal, 556 at 679. The Court need not accept as true Plaintiff's legal conclusions that Chandler

7

created a report "containing knowingly false information." (Doc. #64 at ¶ 58). Thus, given that the water temperature was not officially known until 2006, long after Chandler made his report in March 1997, Chandler is entitled to qualified immunity.

In Plaintiff's suggestions in opposition, Plaintiff for the first time refers to a police report authored by Chandler and dated July 6, 1998. (Doc. #84 at 5). Plaintiff claims this report contains additional fabrications by Chandler. Id. The report states that Jane Rhodes' death was not a normal freshwater drowning but rather was caused by at least two blows to the head, which mirrors McGee's conclusions. Id. The report further states that the blows could have been caused by a watercraft hull passing over a person who is struggling to keep their mouth and nose out of the water. (Doc. #84-1 at 2). The First Amended Complaint includes no allegations about Captain Chandler's July 6, 1998 report. "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989).  Plaintiff may not amend his complaint via his suggestions in opposition.

Even if the Court were to consider the July 6, 1998 report, Chandler would still be entitled to qualified immunity because Plaintiff has failed to set forth sufficient factual matter from which the Court might infer the requisite intent. First, the allegation that Chandler and McGee gave similar opinions about the trauma to Jane Rhodes' face does not support the conclusion that Chandler fabricated his opinion in the July 6 report. Second, Plaintiff's allegations that ten experts and forensic pathologists disagreed with Chandler's opinion may undermine that opinion, but it is insufficient to support an allegation that Chandler deliberately fabricated his opinion. Id. at ¶¶ 82-83. A disagreement between experts is not fabrication of evidence. See Caminata v. Cnty. of Wexford, 664 Fed. Appx. 496, 501 (6th Cir. 2016).

In Plaintiff's suggestions in opposition, Plaintiff also for the first time refers to meetings from August 1996 to July 1998 between Chandler and Assistant Attorney General John Docherty,

Appellate Case: 26-1769     Page: 26     Date Filed: 04/24/2026 Entry ID: 5632820     23:20 2026 p26

and the possibility that McGee was present at one of more these meetings. (Doc. #84 at 5). For the reasons stated above, Plaintiff may not amend his complaint via his suggestions in opposition. Morgan Distrib., 868 F.2d at 995.

Even if the Court were to consider Plaintiff's allegations regarding additional meetings, Chandler would still be entitled to qualified immunity. Beyond the July 6 report, which is insufficient to support an allegation that Chandler deliberately fabricated his opinion as discussed above, Plaintiff alleges no facts that fabricated evidence was created at these meetings, let alone that any fabricated evidence from these meetings was used at trial. Furthermore, as previously discussed, to the extent these meetings related to preparation for trial testimony, Rehberg held this would not support a § 1983 claim. Rehberg, 566 U.S. at 370 (holding that testimonial immunity may not be circumvented by claiming that a witness conspired to present false testimony based on preparatory meetings with prosecutors regarding the substance of intended testimony). Thus, Chandler is entitled to qualified immunity on Plaintiff's fabricated evidence claim in Count I.

### B. Plaintiff's conspiracy claim fails because the underlying § 1983 claim fails.

Count IV, Plaintiff's conspiracy claim, is based on the same facts as those offered to support his fabrication of evidence claim. To prevail on a § 1983 conspiracy claim, a plaintiff is "required to prove a deprivation of a constitutional right or privilege." White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008). "Absent a constitutional violation, 'there is no actionable conspiracy claim.'" Slusarchuk v. Hoff, 346 F.3d 1178, 1183 (8th Cir. 2003) (quoting Cook v. Tadros, 312 F.3d 386, 388 (8th Cir. 2002)). Because Plaintiff's § 1983 fabrication of evidence claim fails there exists no alleged constitutional violation for the civil conspiracy claim. See Riddle v. Riepe, 866 F.3d 943, 949 (8th Cir. 2017) (affirming dismissal of § 1983 conspiracy claim because the underlying constitutional claims had been properly dismissed); Hanten v. Sch. Dist. of Riverview

Appellate Case: 26-1769   Page: 27   Date Filed: 04/24/2026 Entry ID: 5632320 2026 p27

Gardens, 183 F.3d 799, 809 (8th Cir. 1999) (same). Thus, Count IV must be dismissed as to Chandler.

**III.    Plaintiff fails to state a claim for indemnification against Hennepin County in Count VII.**

Hennepin County argues that Plaintiff's indemnification claim under Minnesota Statute § 466.07 should be dismissed because even if a § 1983 claim survived against Chandler, the statute does not confer any rights against Plaintiff. (Doc. #87 at 18).

Section 466.07 provides that a municipality "shall defend and indemnify" an employee for damages "claimed or levied" again him, so long as the employee was "acting in the performance of the duties of the position" and was "not guilty of malfeasance in office, willful neglect of duty, or bad faith." Minn. Stat. § 466.07, subd. 1. In other words, § 466.07 confers rights of defense and indemnification upon employees. Plaintiff may not assert Chandler's rights to defense and indemnification. Thus, even if Plaintiff's claims survived as to Chandler, which they do not, § 466.07 does not confer any rights upon Plaintiff. Therefore, Plaintiff fails to state a claim for indemnification against Hennepin County. Accordingly, it is hereby

ORDERED Defendants Hennepin County and retired Hennepin County Sheriff's Office Captain William Chandler's Motion to Dismiss (Doc. #72) is GRANTED and the First Amended Complaint is DISMISSED as to Hennepin County and retired Hennepin County Sheriff's Office Captain William Chandler.

IT IS SO ORDERED.

DATE: March 25, 2025                    /s/ Brian C. Wimes
                                        JUDGE BRIAN C. WIMES
                                        UNITED STATES DISTRICT COURT

Appellate Case: 26-1769    Page: 28    Date Filed: 04/24/2026 Entry ID: 5632820    April 20 2026 p28

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA**

THOMAS RHODES,                      )
                                    )
                Plaintiff,          )
                                    )
v.                                  )        Case No. 0:24-CV-00104-BCW
                                    )
MICHAEL MCGEE,                      )
Ramsey County Medical Examiner, et al.,   )
                                    )
                Defendants.         )

## ORDER

Before the Court is Defendant Ramsey County, Minnesota Medical Examiner Michael McGee's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). (Doc. #67). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

Plaintiff Thomas Rhodes' wife, Jane Rhodes, drowned late on or about August 2, 1996, in Green Lake in Kandiyohi County, Minnesota after falling off a boat Plaintiff was driving. (Doc. #64 at ¶¶ 3, 24, 34). Dr. Lyle Munneke, the Kandiyohi County Medical Examiner initially examined Jane Rhodes' body. Id. at ¶ 35. Dr. Munneke, who had limited experience with drowning victims, determined that the body should be sent to Ramsey County for further examination. Id. at ¶ 36.

Defendant Michael McGee ("McGee"), then Medical Examiner for Ramsey County, conducted an autopsy on August 6, 1996. Id. at ¶ 37. McGee listed Jane Rhodes' manner of death as "pending investigation." Id. at ¶ 39. On January 8, 1997, McGee met with Defendant Boyd Beccue, the Kandiyohi County Attorney, regarding the investigation. Id. at ¶ 40. After the meeting, McGee completed his medical examiner's autopsy report. Id. at ¶ 51. Beccue also drafted a memorandum with notes from the meeting. Id. at ¶ 57.

1

Subsequently, Plaintiff was indicted for first-degree and second-degree murder. Id. at ¶¶ 41, 65. McGee testified at Plaintiff's trial about his conclusion based on the autopsy he performed. Id. at ¶ 69. Plaintiff does not allege the autopsy report was admitted at trial. On July 29, 1998, Plaintiff was convicted by a jury of first-degree murder and second-degree murder. Id. at ¶ 70.

After Plaintiff's conviction, Plaintiff filed multiple appeals and post-conviction petitions. Id. at ¶ 7. The Conviction Review Unit of the Minnesota Attorney General's office reviewed the case and found issues with the prosecution of the case. Id. at ¶ 71. Shortly thereafter, on January 13, 2023, Plaintiff's murder convictions were vacated in exchange for Plaintiff's Alford plea[1] to negligent manslaughter. Id. at ¶¶ 73-74. Plaintiff was sentenced to four years for manslaughter and released for time served. Id. at ¶ 74.

The remaining claims against McGee are: (Count I) § 1983 violation of due process, (Count IV) conspiracy to deprive constitutional rights, and (Count VI) intentional infliction of emotional distress.[2]

## **LEGAL STANDARD**

The same standard of review applies to motions under Federal Rule of Civil Procedure 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Rule 12(c) requires the Court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor." Id. (alterations in original). Thus, to survive a motion for judgment on the pleadings,

---

[1] North Carolina v. Alford, 400 U.S. 25, 37 (1970). An Alford plea is a guilty plea where the defendant maintains a claim of innocence to the underlying criminal conduct charged but admits that sufficient evidence exists to convict the defendant of the offense.

[2] Plaintiff voluntarily dismissed his malicious prosecution claim (Count II), failure to intervene claim (Count III), and state law malicious prosecution claim (Count V). (Doc. #92).

Appellate Case: 26-1769    Page: 30    Date Filed: 04/24/2026 Entry ID: 5632820  2026 p30

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." Ashley Cnty., 552 F.3d at 665.

"While a court generally may not consider matters outside the pleadings on a motion for judgment on the pleadings, exceptions include: 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" von Kaenel v. Armstrong Teasdale, LLP, 943 F.3d 1139, 1143 (8th Cir. 2019) (quoting Williams v. Employers Mut. Cas. Co., 845 F.3d 891, 903–04 (8th Cir. 2017)).

## ANALYSIS

McGee moves to dismiss all remaining claims against him – Counts I, IV, and VI – based on absolute testimonial immunity, qualified immunity, and official immunity.[3] McGee argues he

---

[3] Based on the Court's analysis that absolute, qualified, and/or official immunity apply to Plaintiff's claims against McGee, the Court declines to reach the parties arguments regarding Heck v. Humphrey, 512 U.S. 477 (1994), or collateral estoppel.

Appellate Case: 26-1769    Page: 31    Date Filed: 04/24/2026    Entry ID: 5632620    March 20 2026 p31

is entitled to absolute immunity because Plaintiff's claims are based entirely on alleged false grand jury or trial testimony, or a conspiracy to falsely testify. Additionally, McGee argues qualified immunity bars Plaintiff's claim that McGee manufactured false evidence because Plaintiff does not allege sufficient facts to support his assertion that McGee fabricated evidence regarding Jane Rhodes' face and neck injuries. Finally, McGee argues he is entitled to official immunity on Plaintiff's state law claim of intentional infliction of emotional distress because McGee's actions were discretionary and not malicious or willful.

Plaintiff's due process claim in Count I alleges Defendants "fabricated the false and totally unreliable statements or reports . . . which formed the basis for Plaintiff's charging, prosecution, and conviction." (Doc. #64 at ¶ 89). Specifically, Plaintiff alleges McGee falsely (1) completed an autopsy report with the determination that Jane Rhodes' death was a homicide; (2) claimed the injuries on Jane Rhodes' face were caused by multiple blows from Plaintiff's boat; and (3) claimed that a hemorrhage on Jane Rhodes' neck was caused by being struck by an open hand in a "V" shape. Id. at ¶¶ 51-54.

In Count I, Plaintiff also alleges a Brady violation against Defendants based on the alleged withholding of Beccue's memorandum from his meeting with McGee. (Doc. #64 at ¶ 89; Doc. #92 at 7). Regardless of whether the memorandum is exculpatory, there is no allegation that McGee authored it or allegedly concealed it. Indeed, Plaintiff admits that the "core of Plaintiff's due process claim is that McGee intentionally created misleading and scientifically fabricated evidence." (Doc. #92 at 13). Thus, McGee's motion to dismiss is granted as to any procedural due process claim against him. The Court considers the motion to dismiss Count I only as to a violation of substantive due process based on the alleged fabrication of evidence.

Plaintiff's conspiracy Count IV alleges that Defendants conspired with others to frame Plaintiff for murdering his wife. Id. at ¶ 106. Specifically, Plaintiff alleges McGee met with Beccue

4

to "manipulate and fabricate evidence." Id. at ¶ 45. Plaintiff also alleges McGee and Hennepin County Sheriff's Office Captain William Chandler met to "perfect their false testimony to ensure Plaintiff Rhodes was wrongfully convicted." Id. at ¶ 67. And, that "[i]n furtherance of their conspiracy to frame Plaintiff, Defendants McGee and Chandler falsely testified that their reports were true and accurate." Id. at ¶ 69.

Count VI alleges that McGee's actions were "extreme and outrageous" and as result Plaintiff suffered severe emotional distress constituting intentional infliction of emotional distress under Minnesota law. Id. at ¶¶ 119-20.

## I. McGee is entitled to absolute immunity on Count I.

McGee argues he is entitled to absolute immunity on the § 1983 claims against him (Counts I and IV) because they are based on his grand jury or trial testimony. (Doc. #69 at 20). Plaintiff does not dispute that McGee cannot be found liable based on his testimony. (Doc. #92 at 16). Instead, Plaintiff relies on a different theory, arguing that "testimonial immunity does not extend to pretrial acts of fabrication that are then presented by way of testimony at trial." (Doc. #92 at 16). Plaintiff explains "[w]hile it is true that the use of false evidence at trial — partly through McGee's testimony — cemented the constitutional injury, it does not follow that McGee's pretrial fabrication is immunized." Id. at 17.

Trial and grand jury witnesses have "absolute immunity from any § 1983 claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 369 (2012). The immunity cannot "be circumvented by claiming that a . . . witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim . . . ." Id. Thus, a § 1983 claim cannot be based on the witness's preparation for trial (by, for instance, sharing his or her planned testimony with the prosecutor) because

5

> [i]n the vast majority of cases involving a claim against a . . . witness, the witness and the prosecutor conducting the investigation engage in preparatory activity, such as a preliminary discussion in which the witness relates the substance of his intended testimony. We decline to endorse a rule of absolute immunity that is so easily frustrated.

Id. at 369-70.[4]

The Court generally agrees with Plaintiff's analysis of the law but does not agree that Plaintiff has identified any fabricated evidence that was used at trial separate and apart from McGee's testimony. To overcome absolute immunity for Plaintiff's Count I alleging a substantive due process violation, Plaintiff's claim depends on demonstrating not only that evidence was fabricated, but also that the fabricated evidence was used at trial. If fabricated evidence was not used at trial, it could not have been used to procure Plaintiff's conviction. "False evidence . . . only violates a criminal defendants' due process rights if it is used to deprive the defendant of [his] liberty in some way." Winslow v. Smith, 696 F.3d 716, 735 (8th Cir. 2012). "'[I]f an officer . . . fabricates evidence and puts that fabricated evidence in a drawer, making no further use of it, then the officer has not violated due process; the action did not cause an infringement of anyone's liberty interest.'" Id. (quoting Whitlock v. Brueggemann, 682 F.3d 567, 582 (7th Cir. 2012), cert. denied, 568 U.S. 1143 (2013)).

Here, Plaintiff alleges that McGee fabricated evidence by: (1) completing a medical examiner's autopsy report with the false determination that Jane Rhodes' death was a "homicide;" (2) falsely claiming the injuries on Jane Rhodes' face were caused by multiple blows from Plaintiff's boat; and (3) falsely claiming that a hemorrhage on Jane Rhodes' neck was caused by

---

[4] Courts generally agree that in light of Rehberg's directive that absolute immunity extends to "any § 1983 claim based on the witness' testimony," Rehberg, 566 U.S. at 369, a plaintiff's claim is barred by that immunity unless the claim can be made without reference to that testimony. E.g., Montoya v. Vigil, 898 F.3d 1056, 1069-71 (10th Cir. 2018); Sanders v. Jones, 845 F.3d 721, 731 (6th Cir. 2017), cert. granted and judgment vacated on other grounds, 138 S. Ct. 649 (2018); Coggins v. Buonora, 776 F.3d 108, 113 (2d Cir. 2015), cert. denied, 135 S. Ct. 2335 (2015); see also Mastrioianni v. Bowers, 173 F.3d 1363, 1367 (11th Cir. 1999) (pre-Rehberg decision).

Appellate Case: 26-1769    Page: 34    Date Filed: 04/24/2026   Entry ID: 5638820 2026 p34

being struck by an open hand in the "V" shape. (Doc. #64 at ¶¶ 4, 50-52, 54). Plaintiff's allegations of fabricated evidence are insufficient to support his claims.

First, the autopsy report, which is incorporated by reference in the First Amended Complaint and whose authenticity is unquestioned, does not list the manner of death as "homicide" (it lists the manner of death as "pending investigation") and does not include conclusions regarding Jane Rhodes' face and neck injuries. (Doc. #70-4). Indeed, Plaintiff concedes as much: "Plaintiff's claims do not rely on the text of McGee's autopsy reports." (Doc. #92 at 13). Thus, any allegation that McGee completed a report with these determinations (Doc. #64 at ¶¶ 51-54) need not be accepted by the Court. And, more importantly for purposes of the present discussion, Plaintiff does not allege, either in the First Amended Complaint or in opposing the instant Motion, that the autopsy report was admitted at trial. Thus, the autopsy report could not have played a role in the jury's decision to convict Plaintiff, and therefore did not violate Plaintiff's due process rights.

Second, Plaintiff fails to identify any other allegedly fabricated evidence that could support his claims. Plaintiff argues evidence was fabricated when McGee met with Beccue, and this is sufficient to defeat immunity. There are two problems with Plaintiff's argument. First, while McGee may have told Beccue he was changing his determination regarding the manner of death from "pending" to "homicide," this would have been part of the customary pretrial planning that Rehberg held does not support at § 1983 claim. (Doc. #64 at ¶ 50; Doc. #70-7 at 2). Second, Plaintiff does not explain how, other than through testimony, the allegedly fabricated evidence was presented to the jury.

In insisting that Plaintiff is not relying on McGee's testimony but instead the pre-indictment meeting between McGee and Beccue, Plaintiff relies on Stinson v. Gauger, 868 F.3d 516, 528-29 (7th Cir. 2017) and Avery v. City of Milwaukee, 847 F.3d 433 (7th Cir. 2017). (Doc. #92 at 17). However, these cases are distinguishable from the instant matter because in both

Appellate Case: 26-1769   Page: 35   Date Filed: 04/24/2026 Entry ID: 5632882   April 20 2026 p35

Stinson and Avery false evidence, other than testimony, was admitted at the trials. In contrast, here, Plaintiff does not allege false evidence was admitted before the grand jury or at the trial apart from McGee's testimony – indeed, Plaintiff's allegations rest entirely on McGee's testimony. The Seventh Circuit noted this distinction in Avery when it explained that "[t]he detectives are liable under § 1983 for [fabricating the reports] even though their trial testimony, standing alone, would not subject them to damages liability." 847 F.3d at 443.

"If an officer who fabricates evidence can immunize himself from liability by authenticating falsified documentary or physical evidence and then repeating the false 'facts' in his trial testimony, wrongful-conviction claims premised on evidence fabrication would be a dead letter." Id. at 441. But this only means that an official who fabricates evidence cannot insulate him or herself from liability by testifying if the evidence is also admitted in another manner. Id. As Avery points out, the testimony alone cannot form the basis for the official's liability — liability must be predicated on fabricated evidence used at trial *other than* the official's own testimony. Here, Plaintiffs identify no such evidence.

The doctrine of absolute immunity applies to McGee's grand jury and trial testimony, and Plaintiff fails to identify any other fabricated evidence that could support the factual allegation underpinning Count I's allegations that McGee violated Plaintiff's due process rights. Therefore, McGee is entitled to judgment on the pleadings as to the fabricated evidence claim (Count I). As a result, McGee is also entitled to judgement on the pleadings as to conspiracy claim (Count IV). See Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (affirming dismissal of conspiracy claim based on absolute witness immunity); House v. Belford, 956 F.2d 711, 720–21 (7th Cir. 1992) (per curiam) (same).

Appellate Case: 26-1769    Page: 36    Date Filed: 04/24/2026 Entry ID: 5632820  April 20 2026 p36

## II.    Additionally, and/or in the alternative, McGee is entitled to qualified immunity on Count I.

McGee argues he is entitled to qualified immunity because Plaintiff's claim that McGee improperly changed Jane Rhodes' manner of death from "pending" to "homicide" in the autopsy report is contradicted by the autopsy report itself which lists the manner of death as "pending," such that Plaintiff does not state plausibly allege a violation of due process. (Doc. #69 at 26). In response, Plaintiff argues that he is not relying on the autopsy report or McGee documenting the cause of death as homicide, but instead bases this claim on allegedly fabricated evidence underlying the homicide determination, as follows: (1) that the injuries on Jane Rhodes' face were caused by multiple blows from Plaintiff's boat; and (2) that a hemorrhage on Jane Rhodes' neck resulted from an open hand strike in a "V" shape. (Doc. #92 at 11-13).

Even if absolute immunity, to which McGee is entitled as explained above, did not apply, McGee is entitled to qualified immunity. "Evaluating a claim of qualified immunity requires a 'two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct.'" Winslow, 696 F.3d at 730-31. The only prong disputed by the parties is whether plaintiff has alleged a violation of a constitutional right, i.e., the right to be free from the use of false evidence to secure a conviction. "[A] manufactured false evidence claim requires proof that investigators deliberately fabricated evidence in order to frame a criminal defendant." Id. at 732. Thus, a plaintiff must allege facts supporting intentional or reckless conduct to create false evidence; negligence is insufficient. See Folkerts v. City of Waverly, Iowa, 707 F.3d 975, 981 (8th Cir. 2013).

Plaintiff has failed to plausibly allege that McGee violated his right be free from the use of false evidence. As previously discussed, Plaintiff has failed to establish, either in the First

9

Amended Complaint or in his suggestions in opposition to this motion, that any fabricated evidence, other than McGee's testimony, was admitted at trial. Plaintiff has also failed to allege sufficient facts to support his assertion that McGee's testimony regarding Jane Rhodes' face and neck injuries was fabricated. Plaintiff alleges that McGee's conclusions regarding the injuries to Jane Rhodes' face were contradicted by "evidence suggesting otherwise" and that it was "likely" that the injuries to her neck occurred due to the drowning process or after her death. (Doc. #64 at ¶¶ 52, 54). Plaintiff also alleges that ten experts and forensic pathologists reviewed McGee's conclusions, and all disagreed with McGee. Id. at ¶¶ 82-83. Plaintiff argues that Jane's Rhodes' face injuries "could have" been caused by the lake bottom and that her neck injury "likely" occurred" during the drowning process. (Doc. #92 at 6-7). A disagreement between experts is not fabrication of evidence. See Caminata v. Cnty. of Wexford, 664 Fed. Appx. 496, 501 (6th Cir. 2016). And Plaintiff has failed to allege sufficient facts that McGee acted either intentionally or recklessly. As a result, McGee is also entitled to qualified immunity on Plaintiff's fabricated evidence claim in Count I.

Count IV, Plaintiff's conspiracy claim, is based on the same facts as those offered to support his fabrication of evidence claim alleged in Count I. To prevail on a § 1983 conspiracy claim, a plaintiff is "required to prove a deprivation of a constitutional right or privilege." White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008). "Absent a constitutional violation, 'there is no actionable conspiracy claim.'" Slusarchuk v. Hoff, 346 F.3d 1178, 1183 (8th Cir. 2003) (quoting Cook v. Tadros, 312 F.3d 386, 388 (8th Cir. 2002)). Because Plaintiff's § 1983 fabrication of evidence claim fails, the civil conspiracy claim based on the alleged fabrication must also fail. See Riddle v. Riepe, 866 F.3d 943, 949 (8th Cir. 2017) (affirming dismissal of § 1983 conspiracy claim because the underlying constitutional claims had been properly dismissed); Hanten v. Sch. Dist.

Appellate Case: 26-1769    Page: 38    Date Filed: 04/24/2026 Entry ID: 5632820    April 20 2026 p38

of Riverview Gardens, 183 F.3d 799, 809 (8th Cir. 1999) (same). Thus, Count IV must be dismissed as to McGee.

### III.    Additionally, McGee is Entitled to Official Immunity on Count VI.

McGee argues he is entitled to official immunity on Count VI intentional infliction of emotional distress because McGee's autopsy report and testimony were discretionary actions that were not malicious or willful. (Doc. #69 at 28). Plaintiff responds that he has plausibly alleged McGee acted willfully and maliciously in violating his rights because he fabricated evidence. (Doc. #92 at 17-18).

Under Minnesota state law, the question of whether "official immunity applies turns on: (1) the conduct at issue; (2) whether the conduct is discretionary or ministerial and, if ministerial, whether any ministerial duties were violated; and (3) if discretionary, whether the conduct was willful or malicious." Vassallo ex rel. Brown v. Majeski, 842 N.W.2d 456, 462 (Minn. 2014). As described above, the conduct at issue is the autopsy report and McGee's testimony. The parties do not dispute that these acts were discretionary. (Docs. #69 at 28, #92 at 17-18). Thus, the only factor the parties dispute is whether McGee's conduct was "willful or malicious."

The official-immunity determination "contemplates less of a subjective inquiry into malice, which was traditionally favored at common law, and more of an objective inquiry into the legal reasonableness of an official's actions." Hassan v. City of Minneapolis, 489 F.3d 914, 920 (8th Cir. 2007) (quoting State ex rel. Beaulieu v. City of Mounds View, 518 N.W.2d 567, 571 (Minn. 1994) (en banc)). Malice in this context is usually a question for the jury, although "Minnesota courts rule in favor of a defendant when 'no reasonable jury could find the [official] acted with bad faith or malicious intent.'" Smith v. City of Minneapolis, 754 F.3d 541, 549 (8th Cir. 2014) (alteration in original) (quoting Elwood v. Rice Cnty., 423 N.W.2d 671, 679 (Minn. 1988) (en banc)). Plaintiff has failed to allege sufficient facts that McGee's conduct was willful or

Appellate Case: 26-1769    Page: 39    Date Filed: 04/24/2026 Entry ID: 5632820 2026 p39

malicious because, as described above, Plaintiff failed to allege that McGee fabricated evidence. Thus, official immunity applies to McGee for Count VI the same reasons qualified immunity applies.

## IV.    Conclusion

McGee is immune on Count I § 1983 violation of due process based on absolute and/or qualified immunity. Because Count I fails, Count IV conspiracy to deprive constitutional rights, also fails because there is no underlying constitutional violation. Finally, Count VI intentional infliction of emotional distress fails because Plaintiff failed to allege sufficient facts that McGee's discretionary actions were malicious or willful. Accordingly, it is hereby

ORDERED Defendant Ramsey County, Minnesota Medical Examiner Michael McGee's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) (Doc. #67) is GRANTED and the First Amended Complaint is DISMISSED as to Michael McGee.

IT IS SO ORDERED.

DATE: March 25, 2025                  /s/ Brian C. Wimes
                                      JUDGE BRIAN C. WIMES
                                      UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| THOMAS RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:24-CV-00104-BCW |
| | ) | |
| MICHAEL MCGEE, | ) | |
| Ramsey County Medical Examiner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Thomas Rhodes' Motion for Leave to File a Second Amended Complaint or in the Alternative for Reconsideration. (Doc. #104). The Court, being duly advised of the premises, denies said motion.

## BACKGROUND

Plaintiff Thomas Rhodes alleges civil rights violations and state law claims after the State of Minnesota vacated his convictions for first- and second-degree murder relating to the August 1996 death of Plaintiff's wife, Jane Rhodes. As set forth in the Amended Complaint, Plaintiff asserts Defendants' liability for their involvement in Plaintiff's wrongful investigation, charges, and convictions.

As relevant here, Plaintiff alleges Defendant Ramsey County Medical Examiner Michael McGee ("McGee"), who autopsied Jane Rhodes, made a Medical Examiner's Report, and testified for the State at Plaintiff's murder trial, is liable (I) under 42 U.S.C. § 1983 for violation of due process; (IV) under § 1983 for conspiracy to deprive Plaintiff of constitutional rights; and (VI) under Minnesota state law for intentional infliction of emotional distress.

1

Plaintiff alleges Hennepin County Sheriff's Office Captain William Chandler ("Chandler"), who opined on the circumstances of Jane Rhodes' death, memorialized those opinions in police reports dated March 26, 1997 and July 6, 1998, and who testified for the State at Plaintiff's murder trial, is liable (I) under § 1983 for violation of due process; and (VI) under § 1983 for conspiracy to deprive Plaintiff of constitutional rights. Plaintiff also alleges Hennepin County is liable under Minn. Stat. § 466.07 for indemnification for any liability attributable to Chandler as its employee.

On March 26, 2025, this Court granted McGee's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). (Doc. #102). In the Order granting McGee's motion for judgment on the pleadings, the Court granted judgment for McGee on Count I to the extent Plaintiff alleged a Brady violation attributable to Kandiyohi County Attorney Boyd Beccue's failure to produce to the defense a January 8, 1997 memorandum to Deb Peterson of the Minnesota Attorney General's Office. (Doc. #102 at 4). The Court otherwise granted judgment for McGee on Count I on Plaintiff's allegations that McGee fabricated evidence against him based on absolute immunity. (Doc. #102 at 8). The Court found, in the alternative, McGee entitled to qualified immunity as to Plaintiff's allegations that McGee fabricated evidence against him in Count I because Plaintiff did not plausibly allege McGee acted deliberately or recklessly to fabricate evidence against Plaintiff.

The Court also granted judgment on the pleadings in favor of McGee on Plaintiff's Count IV on the basis that Plaintiff did not plausibly allege a constitutional violation in Count I. (Doc. #102 at 10). The Court otherwise granted judgment on the pleadings in favor of McGee on Count VI, finding McGee entitled to official immunity in that Plaintiff did not plausibly allege willful or malicious conduct. (Doc. #102 at 11-12).

Appellate Case: 26-1769    Page: 42    Date Filed: 04/24/2026 Entry ID: 5632882 0 2026 p42

On the same day the Court granted McGee's motion for judgment on the pleadings, the Court granted Hennepin County and Chandler's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. #101). In the Order granting the motion to dismiss, the Court dismissed Plaintiff's Count I to the extent Plaintiff alleged a Brady claim against Chandler because Plaintiff did not respond to Chandler's motion to dismiss this aspect of Count I. (Doc. #101 at 2). The Court otherwise found Chandler entitled to absolute immunity and dismissed Plaintiff's Counts I and IV alleging Chandler fabricated evidence and conspired to fabricate evidence in violation of Plaintiff's constitutional rights. (Doc. #101 at 5-6). The Court found, alternatively, Chandler entitled to qualified immunity on Counts I and IV because Plaintiff did not plausibly allege Chandler deliberately or recklessly created false evidence against him, and dismissed Plaintiff's Counts I and IV as to Chandler. (Doc. #101 at 6-10). Finally, the Court dismissed Plaintiff's Count VII against Hennepin County as dependent on Counts I and IV and also because § 466.07 does not confer any rights on Plaintiff.

## ANALYSIS

After the Court's Orders granting McGee's motion for judgment on the pleadings and Hennepin County and Chandler's motion to dismiss (Docs. #101 & #102), Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint or in the Alternative for Reconsideration on April 13, 2025. (Doc. #104).

Defendants McGee (Doc. #107) and Hennepin County and Chandler (Doc. #105) filed suggestions in opposition to Plaintiff's motion for leave to amend and to reconsider. Kandiyohi County and the Estate of Boyd Beccue (Doc. #108) and Ramsey County (Doc. #109) separately filed suggestions in opposition to Plaintiff's motion for leave to amend.

3

### A.  The motion for leave to file a second amended complaint is denied.

Plaintiff seeks leave to file a Second Amended Complaint so that he might better plead that the alleged constitutional violations are premised on "the Defendants' non-testimonial pre-trial conduct" and not the Defendants' false testimony or a conspiracy to falsely testify. (Doc. #104 at 2). Plaintiff "acknowledges" the amended complaint could have been "clear[er]" that Plaintiff's alleged constitutional violations stemmed from Defendants' pre-trial acts of fabrication, rather than Defendants' fabricated trial testimony.

In opposition, Defendants argue Plaintiff should not be granted leave to amend, or the alternative motion for reconsideration. Defendants argue the motion for leave to amend should be denied because Plaintiff was not diligent in attempting to meet the Scheduling Order deadlines, Defendants would be prejudiced by Plaintiff's undue delay in amending the complaint, and Plaintiff's proposed amendments are futile.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (citing Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)).

Further, "although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal." Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1050 (8th Cir. 2010) (citing Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985); Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th

Appellate Case: 26-1769    Page: 44    Date Filed: 04/24/2026 Entry ID: 5632820    April 20 2026 p44

Cir. 1993) ("Leave to amend may still be granted, but a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time.")).

Here, Plaintiff seeks leave to file a proposed second amended complaint after the Court granted McGee's motion for judgment on the pleadings and Hennepin County and Chandler's motion to dismiss on immunity grounds. (Docs. #101 & #102). As Plaintiff frames the issue, the proposed second amended complaint "cures the factual and legal deficiencies identified in the Court's orders by adding allegations that more specifically identify the nature of the fabricated evidence," including that Defendants' conduct was deliberate. (Doc. # 104 at 6). But the Court already construed Plaintiff's allegations with all reasonable inferences drawn in Plaintiff's favor, including that Plaintiff's alleged constitutional violations stemmed from pre-trial acts of fabrication, and concluded absolute and/or qualified immunity applied. Plaintiff's motion for leave to file the second amended complaint is denied based on futility.

Moreover, though the Court stayed the Scheduling Order in this case in January 2025 pending the Court's ruling on McGee's motion for judgment on the pleadings, the Scheduling Order set July 1, 2024 as the deadline to amend. (Doc. #50). Therefore, even though the Court stayed the Scheduling Order in January 2025, the deadline for leave to amend would have already expired before McGee's motion for judgment on the pleadings was filed. Additionally, Plaintiff did not seek leave to amend the complaint while McGee's motion for judgment on the pleadings or Hennepin County and/or Chandler's motion to dismiss were pending, even though Defendants' motions would have identified for Plaintiff any potential deficiencies in the complaint. Plaintiff

Appellate Case: 26-1769   Page: 45   Date Filed: 04/24/2026 Entry ID: 5632820   April 20 2026 p45

does not show good cause to amend the complaint under the circumstances presented here. Fed. R. Civ. P. 16(b).

Finally, the Court granted McGee's motion for judgment on the pleadings and Hennepin County and Chandler's motion to dismiss, thus resolving Plaintiff's claims as to these Defendants. The proposed Second Amended Complaint would revive Plaintiff's claims against these Defendants, against which the Court has determined no liability arises because Plaintiff's claims for fabrication require reference to McGee's and Chandler's testimonies – otherwise, the alleged fabrication did not affect Plaintiff's rights. Were the Court to grant Plaintiff leave to file the second amended complaint, Defendants would be prejudiced by further litigation resulting in the same immunity determination at a later stage.

For these reasons, Plaintiff's motion for leave to file the second amended complaint is denied.

### B. The alternative motion for reconsideration is denied.

In the alternative to the motion for leave to amend, Plaintiff argues the Court should, under Fed. R. Civ. P. 54(b), reconsider its conclusions that McGee and/or Chandler are entitled to absolute and/or qualified immunity. In opposition, Defendants argue Plaintiff's motion for reconsideration should be denied as procedurally defective and because Plaintiff's reconsideration motion is an improper attempt to relitigate issues already resolved.

Fed. R. Civ. P. 54(b) provides for the District Court's exercise of "its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." Auto Servs. Co., Inc. v. KPMG, LLP, 537 F.3d 853, 857 (8th Cir. 2008) (citing Fed. R. Civ. P. 54(b) (stating that when multiple claims or parties are litigating, the court can direct final judgment as to fewer than all claims or parties only if it "expressly determines that there is no just reason for delay.

Appellate Case: 26-1769    Page: 46    Date Filed: 04/24/2026 Entry ID: 5632832 20 2026 p46

Otherwise, any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and my be revised at anytime before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.")).

Leaving aside Plaintiff's noncompliance with Local Rules procedure for a motion of this type, the argument for reconsideration asserts only that the Court's conclusions that (1) Defendants were entitled to qualified immunity are based on manifest errors of fact; and (2) Defendants were entitled to absolute immunity are based on manifest errors of law. (Doc. #104 at 11). Without further analysis or argument for why reconsideration of the Court's Orders might be proper here, and with, moreover, the Court having conducted another review of the record and applicable law notwithstanding the procedural issues with Plaintiff's motion, the Court declines to reconsider its previous findings. As Defendants point out, Plaintiff's appropriate course of action is an appeal. Plaintiff's alternative motion for reconsideration under Fed. R. Civ. P. 54(b) is denied. Accordingly, it is hereby

ORDERED Plaintiff Thomas Rhodes' Motion for Leave to File a Second Amended Complaint or in the Alternative for Reconsideration (Doc. #104) is DENIED. It is further

ORDERED the parties shall meet and confer to prepare a joint proposed scheduling order in preparation for the telephone conference scheduled in this matter on November 12, 2025. The parties' proposed amended litigation schedule shall be filed not later than **November 4, 2025**.

IT IS SO ORDERED.

DATE: October 15, 2025          /s/ Brian C. Wimes
                                JUDGE BRIAN C. WIMES
                                UNITED STATES DISTRICT COURT

7

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| THOMAS RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:24-CV-00104-BCW |
| | ) | |
| MICHAEL MCGEE, | ) | |
| Ramsey County Medical Examiner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Ramsey County's Motion for Judgment on the Pleadings. (Doc. #123). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

**A. Summary of Plaintiff's Factual Allegations in Amended Complaint**

On July 12, 2024, Plaintiff Thomas Rhodes filed an Amended Complaint against Defendants Ramsey County Medical Examiner Michael McGee, the Estate of Kandiyohi County Attorney Boyd Beccue, Hennepin County Sheriff's Office Captain William Joseph Chandler, Kandiyohi County, Ramsey County, and Hennepin County, alleging claims stemming from Plaintiff's wrongful convictions for first- and second-degree homicide. (Doc. #64).

As set forth in the Amended Complaint, Plaintiff alleges claims under 42 U.S.C. § 1983 (Counts I-IV) and Minnesota state law (Counts V-VII), asserting Defendants conspired to deprive Plaintiff's rights based on the following summarized allegations.

On the night of August 2, 1996, Plaintiff's wife Jane Rhodes fell overboard from the couple's boat into Green Lake, located in Kandiyohi County. Efforts to locate Jane Rhodes in the

1

lake were unsuccessful, and the Kandiyohi County Sherriff's Office recovered Jane Rhodes' body floating in Green Lake at about 1:30 p.m. on August 3, 1996. (Doc. #64).

Because the Kandiyohi County Medical Examiner Dr. Munneke had limited experience with drowning victims, Dr. Munneke and the Kandiyohi County Sherriff's Office determined Jane Rhodes' body should be sent to Ramsey County for further investigation by Ramsey County Medical Examiner, Dr. McGee.

Dr. McGee, acting as an agent of Kandiyohi County, autopsied the body of Jane Rhodes on August 6, 1996. After the autopsy, Dr. McGee listed Jane Rhodes' cause of death as "pending investigation." (Doc. #64).

On January 8, 1997, Kandiyohi County Attorney Boyd Beccue met with Dr. McGee. This meeting allegedly occurred before the decision to seek an indictment relating to Jane Rhodes' death, and was allegedly for the improper purpose of manufacturing probable cause against Plaintiff for Jane Rhodes' murder. Plaintiff alleges this meeting fell outside the scope of Beccue's and Dr. McGee's official authorities. Plaintiff alleges after this meeting with Beccue, Dr. McGee changed his opinion of Jane Rhodes' cause of death from "pending investigation' to "homicide." Plaintiff also alleges the notes and content of the January 1997 meeting between Beccue and Dr. McGee were not produced to Plaintiff or his counsel. (Doc. #64).

Plaintiff further alleges that after the January 1997 meeting with Beccue, Dr. McGee drafted a report reflecting Jane Rhodes' cause of death as "homicide." The report included conclusions supported by non-scientific evidence, including Dr. McGee's opinions that injuries to Jane Rhodes' face were attributable to multiple blows from Plaintiff's boat and that a hemorrhage in Jane Rhodes' neck was attributable to strike from an open hand in a "V" shape. (Doc. #64).

2

Plaintiff alleges Hennepin County Sherriff's Office Captain William Chandler also fabricated evidence against him. Plaintiff alleges Captain Chandler wrote a report dated March 26, 1997, in which he opined that Jane Rhodes could not have fallen into Green Lake at the location where Plaintiff asserted. Specifically, Chandler represented the water temperature at the location where Plaintiff said Jane Rhodes fell in was 39 degrees Fahrenheit, such that Jane Rhodes' body would have decomposed slowly and taken weeks to resurface. Plaintiff alleges Chandler's conclusion in the report is demonstrably false, based on a report from the U.S. Department of Natural Resources that the temperature at the location where Jane Rhodes reportedly went overboard was actually 68.9 degree Fahrenheit. (Doc. #64).

Sixteen months after Jane Rhodes' death, Kandiyohi County indicted Plaintiff for first-degree and second-degree murder. Under an agreement with Kandiyohi County, the Minnesota Attorney General led the investigation and prosecution. Plaintiff alleges that after indictment and before trial, Dr. McGee and Chandler met on at least two occasions to ensure their anticipated trial testimonies aligned. (Doc. #64).

On July 28, 1998, a jury convicted Plaintiff of first-degree and second-degree murder, based on the testimonies and reports of Dr. McGee and Captain Chandler. (Doc. #64). Plaintiff alleges in furtherance of their conspiracy to frame him for murder, Dr. McGee and Captain Chandler both testified to the veracity and accuracy of their respective reports. Plaintiff was sentenced to life in prison. (Doc. #64).

Plaintiff alleges after he spent almost 25 years in prison for a crime he did not commit, his convictions were reviewed by the Minnesota Conviction Review Unit ("CRU"). After investigation, the CRU determined Dr. McGee and Captain Chandler had provided insufficient and scientifically unsupported evidence. The CRU also found the State failed to disclose

Appellate Case: 26-1769   Page: 50   Date Filed: 04/24/2026 Entry ID: 5632882   March 20 2026 p50

discoverable evidence, including the notes and content of the January 1997 meeting between Beccue and McGee and the contents of the pretrial meetings between McGee and Chandler. (Doc. #64).

On January 13, 2023, the Court vacated Plaintiff's convictions for first-degree and second-degree murder. Plaintiff entered an Alford plea to second-degree manslaughter, was sentenced to a four-year custodial sentence, and was released for time served. (Doc. #64).

Plaintiff alleges Defendants conspired to fabricate evidence against him in an improper effort to secure his wrongful conviction for the murder of Jane Rhodes. Beyond Plaintiff's allegations that Dr. McGee fabricated evidence against him, Plaintiff alleges Dr. McGee's history of manipulating evidence in connection with other wrongful convictions. (Doc. #64). For example, in 2021, a federal district court found Dr. McGee had "a well-documented history of providing false and inaccurate testimony in court." (Doc. #64 at 15). Further, in 2011, a Douglas County Judge found Dr. McGee had provided false testimony leading to a wrongful conviction. (Doc. #64 at 15). Additionally, in 2003, a state appellate court reversed a murder conviction after finding Dr. McGee had fabricated autopsy evidence. (Doc. #64 at 15).

Plaintiff alleges ten experts have reviewed Dr. McGee's conclusions and all ten disagree with his classification of Jane Rhodes' death as homicide. For example, the CRU retained Dr. Sally Aiken, who opined there was no medical support for Dr. McGee's opinions that Jane Rhodes' facial injuries were attributable to multiple strikes from a boat, or that Jane Rhodes suffered a blow to the neck from an open hand in a V shape.

Based on these allegations as summarized above, Plaintiff's Amended Complaint asserts seven claims: (I) violation of due process against Defendants under 42 U.S.C. § 1983; (II) violation of the right to be free from unreasonable search and seizure and malicious prosecution against

Appellate Case: 26-1769    Page: 51    Date Filed: 04/24/2026 Entry ID: 5632820 2026 p51

Defendants under § 1983; (III) failure to intervene in violation of the Fourteenth Amendment against Defendants under § 1983; (IV) conspiracy to deprive constitutional rights against Defendants under § 1983; (V) malicious prosecution against Defendants under Minnesota state law; (VI) intentional infliction of emotional distress against Defendants under Minnesota state law; (VII) indemnification against Defendants Kandiyohi County, Ramsey County, and/or Hennepin County under Minnesota state law. (Doc. #64).

**B. Current Procedural Posture**

In July 2024, Dr. McGee filed a Motion for Judgment on the Pleadings on Plaintiff's six claims alleged against him in Counts I-VI. (Docs. #67, #69). As part of his brief in opposition to Dr. McGee's motion, Plaintiff voluntarily dismissed Count II and V alleging malicious prosecution, as well as Count III for failure to intervene against Dr. McGee. (Doc. #92 at 2).

By Order dated March 26, 2025, the Court granted Dr. McGee's Motion for Judgment on the Pleadings as to Plaintiff's remaining Counts I, IV, and VI (Doc. #102). As to Count I alleging Dr. McGee's violation of Plaintiff's due process rights under § 1983, the Court granted judgment for Dr. McGee, finding him entitled to absolute immunity and/or, in the alternative, qualified immunity. As to Count IV alleging conspiracy to violate due process under § 1983 based on the same factual allegations underlying Count I, the Court granted judgment for Dr. McGee. Finally, as to Count VI alleging intentional infliction of emotional distress under Minnesota state law, the Court granted judgment on the pleadings for Dr. McGee based on official immunity. (Doc. #102).

Also in July 2024, Captain Chandler and Hennepin County filed a Motion to Dismiss Plaintiff's Counts I-VII against them under Fed. R. Civ. P. 12(b)(6). (Doc. #72). As part of his brief in opposition to this motion, Plaintiff voluntarily dismissed Counts II and V alleging

Appellate Case: 26-1769   Page: 52   Date Filed: 04/24/2026   Entry ID: 5632820   April 20 2026 p52

malicious prosecution, Count III alleging failure to intervene, and Count VI alleging intentional infliction of emotional distress. (Doc. #84 at 2 n.1).

By Order dated March 26, 2025, the Court granted Captain Chandler and Hennepin County's Motion to Dismiss as to Plaintiff's remaining Counts I, IV, and VII. (Doc. #101). As to Count I alleging Captain Chandler's violation of Plaintiff's due process rights under § 1983, the Court dismissed Count I, finding Captain Chandler entitled to absolute immunity and/or in the alternative, qualified immunity. As to Count IV alleging conspiracy to violate due process under § 1983 based on the same factual allegations underlying Count I, the Court dismissed Count IV. (Doc. #101).

Finally, the Court dismissed Plaintiff's Count VII for indemnification against Hennepin County on the basis that relief was not available to Plaintiff under Minn. Stat. § 466.07 as a matter of fact or as a matter of law. Specifically, the Court dismissed Count VII because (i) none of Plaintiff's substantive claims survived against Captain Chandler and (ii) even if any of the claims against Captain Chandler survived, Plaintiff may not properly avail himself of right to indemnification under Minn. Stat. § 466.07, which is limited to employees acting in the performance of their official duties. (Doc. #101 at 10).

Subsequently, in October 2025, the Court denied Plaintiff's Motion for Leave to File a Second Amended Complaint, or in the Alternative, for Reconsideration of the Court's Orders Granting Dr. McGee's Motion for Judgment on the Pleadings and Captain Chandler and Hennepin County's Motion to Dismiss. (Doc. #112). On November 21, 2025, the Court entered an Amended Scheduling Order, setting this case for trial on August 31, 2026, along with associated litigation deadlines. (Doc. #116).

Appellate Case: 26-1769    Page: 53    Date Filed: 04/24/2026 Entry ID: 5632820

On December 3, 2025, Ramsey County filed the instant Motion for Judgment on the Pleadings. (Doc. #123). Plaintiff filed opposition suggestions (Doc. #126) and Ramsey County filed a reply (Doc. #128).

## LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same standard of review applies to motions under Federal Rule of Civil Procedure 12(c) and 12(b)(6); the Court "accept[s] as true all factual allegations set out in the complaint" and "construe[s] the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law . . . ." Id.

## ANALYSIS

In the instant motion, Defendant Ramsey County seeks judgment on the pleadings as to Plaintiff's Count VII alleging a right of indemnification, as well as Counts I, IV, and VI to the extent Plaintiff would seek to hold Defendant Ramsey County vicariously liable for the conduct of Dr. McGee as Ramsey County Medical Examiner. (Doc. #124).

In opposition, as to Count VII, Plaintiff concedes in light of the Court's Order granting judgment for Dr. McGee on Plaintiff's claims against him (Doc. #102), Plaintiff's indemnification claim against Ramsey County for the conduct of Dr. McGee lacks a factual predicate. Further, as to Counts I and IV, Plaintiff concedes the Amended Complaint does not allege an unconstitutional policy or custom against Ramsey County such that Ramsey County cannot be held vicariously liable Plaintiff's § 1983 claims against Dr. McGee. As to Count VI, however, Plaintiff argues

Appellate Case: 26-1769   Page: 54   Date Filed: 04/24/2026 Entry ID: 5632820   March 20 2026 p54

Ramsey County's motion for judgment on the pleadings should be denied because the Court should not extend vicarious official immunity to Ramsey County as a matter of policy.

Plaintiff's opposition brief "acknowledges that . . . the practical effect of the Court's prior rulings is that judgment on the pleadings in favor of Ramsey County is appropriate at this time . . . ." (Doc. #126 at 6). The Court agrees, and resolves Ramsey County's motion for judgment on the pleadings in a manner consistent with its prior Orders, as set forth below.

As to Counts I and IV, alleging violation of Plaintiff's rights under § 1983 by Dr. McGee as Ramsey County Medical Examiner, Plaintiff concedes the Amended Complaint is devoid of allegations for which Ramsey County might be held vicariously liable for any unconstitutional conduct by Dr. McGee pursuant to Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Moreover, the Court found absolute and/or qualified immunity applied to Plaintiff's claims alleged in Counts I and IV against Dr. McGee, and Plaintiff voluntarily dismissed Counts II and III against Dr. McGee. Therefore, there remains no factual basis for which Ramsey County might be liable for any alleged unconstitutional conduct undertaken by Dr. McGee. Ramsey County is entitled to judgment on the pleadings as to Plaintiff's Counts I-IV.

Similarly, as to Count V alleging malicious prosecution under Minnesota state law, Plaintiff voluntarily dismissed this claim against Dr. McGee, such that there exists no factual basis for which Ramsey County might be liable to Plaintiff for malicious prosecution. As Plaintiff concedes, Ramsey County is entitled to judgment on the pleadings as to Plaintiff's Count V.

As to Count VII, and as Plaintiff concedes, the Court's previous rulings are dispositive of Plaintiff's Count VII alleging a right of indemnification against Ramsey County. In its Order granting Hennepin County's motion to dismiss Count VII, the Court found Minn. Stat. § 466.07 confers rights to defense and indemnification only upon employees acting in the performance of

Appellate Case: 26-1769    Page: 55    Date Filed: 04/24/2026 Entry ID: 5638820 2026 p55

official duties not engaged in malfeasance, willful neglect, or bad faith. (Doc. #101 at 10). Any right to indemnification against Ramsey County would be properly asserted by Dr. McGee as Ramsey County Medical Examiner, and Plaintiff may not assert that right to defense and/or indemnification on Dr. McGee's behalf. Moreover, because the Court granted Dr. McGee's motion for judgment on the pleadings, there no longer exists any factual predicate upon which any party might assert a right to indemnification against Ramsey County. (Doc. #102). Ramsey County is entitled to judgment on the pleadings as to Count VII.

The only remaining question is whether Ramsey County is entitled to judgment on the pleadings as to Count VI, Plaintiff's claim for intentional infliction of emotional distress under Minnesota state law. Ramsey County argues it is entitled to judgment on the pleadings on Plaintiff's Count VI because the Court previously found Dr. McGee entitled to official immunity on this claim – because Dr. McGee is not liable for intentional infliction of emotional distress, no vicarious liability arises against Ramsey County. In opposition, Plaintiff argues that even if the Court found Dr. McGee entitled to official immunity with respect to Plaintiff's claim for intentional infliction of emotional distress, the Court should not extend vicarious official immunity to Ramsey County as a matter of policy.

As set forth in the Amended Complaint and as applicable to Ramsey County's Motion for Judgment on the Pleadings, Plaintiff alleges Dr. McGee's conduct was extreme and outrageous, and was undertaken intentionally with knowledge that there was high probability that the conduct would result, and did result, in Plaintiff's severe emotional distress. (Doc. #64 at 22). The Court previously found Dr. McGee entitled to official immunity for Plaintiff's Count VI; in turn, Ramsey County is entitled to vicarious official immunity on Plaintiff's Count VI. Dokman v. Cnty. of Hennepin, 637 N.W.2d 286, 297 (Minn. App. 2001) ("Vicarious official immunity protects a

9

governmental entity from liability based on the acts of an employee who is entitled to official immunity.").

Further, even with all reasonable factual inferences drawn in Plaintiff's favor for purposes of the instant motion for judgment on the pleadings, the Amended Complaint references the conduct of Dr. McGee, but is not explicit of the intent to allege Count VI against Ramsey County directly, or of the intent to allege Count VI against Dr. McGee in his official capacity as Ramsey County Medical Examiner. Assuming Plaintiff's intent to allege his claim for intentional infliction of emotional distress against Dr. McGee in the course and scope of his employment as Ramsey County Medical Examiner, Ramsey County would still be entitled to judgment on the pleadings because Plaintiff's claim for intentional infliction of emotional distress relates to Dr. McGee's conduct acting as medical examiner with respect to the death of Jane Rhodes. Plaintiff alleges that in acting as medical examiner with respect to the death of Jane Rhodes, Dr. McGee was acting as an agent for the Kandiyohi County Coroner. (Doc. #64 at 8). The Amended Complaint is devoid of allegations that Ramsey County was legally obligated to, and failed to, supervise Dr. McGee in his work performed for Kandiyohi County. Ramsey County's motion for judgment on the pleadings is thus granted on Count VI and the Court declines to consider Plaintiff's policy argument for why vicarious official immunity should not apply to Ramsey County under the circumstances presented here. Accordingly, it is hereby

ORDERED Defendant Ramsey County's Motion for Judgment on the Pleadings (Doc. #123) is GRANTED.

IT IS SO ORDERED.

DATE: March 31, 2026                    /s/ Brian C. Wimes
                                        BRIAN C. WIMES, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

Appellate Case: 26-1769   Page: 57   Date Filed: 04/24/2026 Entry ID: 5632020   March 20 2026 p57

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| THOMAS RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:24-CV-00104-BCW |
| | ) | |
| MICHAEL MCGEE, | ) | |
| Ramsey County Medical Examiner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Kandiyohi County and the Estate of Boyd Beccue's Motion for Judgment on the Pleadings (Doc. #118). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

On July 12, 2024, Plaintiff Thomas Rhodes filed an Amended Complaint against Defendants Ramsey County Medical Examiner Michael McGee, the Estate of Kandiyohi County Attorney Boyd Beccue, Hennepin County Sheriff's Office Captain William Joseph Chandler, Kandiyohi County, Ramsey County, and Hennepin County, alleging claims stemming from Plaintiff's wrongful convictions for first- and second-degree homicide. (Doc. #64). At this stage of this litigation, Plaintiff's claims remain only with respect to Defendants the Estate of Kandiyohi County Attorney Boyd Beccue ("Beccue") and Kandiyohi County. (Docs. #101, #102, #139).

Plaintiff's summarized allegations, as pertinent to the remaining claims and parties, are as follows. On the night of August 2, 1996, while Plaintiff and his family were on vacation at Green Lake located in Kandiyohi County, Plaintiff's wife, Jane Rhodes, fell from the couple's boat. Plaintiff's attempts to locate Jane Rhodes in the water were unsuccessful, and the Kandiyohi

1

County Sherriff's Office responded to a 911 call to assist. Plaintiff accompanied the Kandiyohi County Sheriff's Office in searching for Jane Rhodes in the water, but after about 30 minutes of unsuccessfully searching the lake, the deputies directed that Plaintiff be returned to shore. (Doc. #64). The body of Jane Rhodes was recovered floating in the water at about 1:30 p.m. on August 3, 1996. (Doc. #64).

On August 3, 1996, the Kandiyohi County Sheriff's Office informed Dr. Munneke, the Kandiyohi County Medical Examiner, of Jane Rhodes' death. Because Dr. Munneke had limited experience with drowning victims, he and the Kandiyohi County Sheriff's Office determined the body should be sent to Ramsey County for further examination by Dr. McGee, Ramsey County Medical Examiner. (Doc. #64).

Dr. McGee, acting as an agent for the Kandiyohi County Coroner, conducted an autopsy of Jane Rhodes' body on August 6, 1996. After his examination, Dr. McGee listed the manner of death as "pending investigation." (Doc. #64).

As part of this investigation into the manner of death, on January 8, 1997, Dr. McGee met with Kandiyohi County Attorney Boyd Beccue ("Beccue"). Plaintiff alleges at the time of this meeting, there was not probable cause to arrest or prosecute Plaintiff, and at the time of the meeting, both Beccue and Dr. McGee were acting in investigative capacities, gathering clues and corroboration to obtain or manufacture probable cause against Plaintiff. (Doc. #64).

Plaintiff alleges that by meeting with Beccue to solicit non-scientific evidence with no bearing on his medical examination, Dr. McGee was acting outside the permissible scope of his authority as medical examiner. And, "[b]y meeting with [Dr. McGee] in an attempt to influence the determination as to cause and manner of death, Defendant Beccue, while acting within the scope of his employment, was acting outside his role as a prosecutor or an advocate for the State."

Appellate Case: 26-1769    Page: 59    Date Filed: 04/24/2026 Entry ID: 5632820    April 20 2026 p59

(Doc. #64 at 9). Plaintiff alleges this meeting in January 1997 was intended to manipulate and fabricate evidence resulting in the arrest and prosecution of Plaintiff, which Beccue and Dr. McGee knew or should have known was improper and unconstitutional. (Doc. #64).

Plaintiff alleges Beccue provided Dr. McGee with the following circumstantial facts, unrelated to medical or scientific evidence: (1) Plaintiff and Jane Rhodes had previously had marital problems; and (2) Kandiyohi County Sheriff's Deputies perceived that while Plaintiff was assisting them in their search for Jane Rhodes in Green Lake, Plaintiff could not identify the precise location where his wife had gone overboard. (Doc. #64).

Plaintiff alleges Beccue and Dr. McGee disregarded the innocuous nature of these facts and used them as a basis to implicate Plaintiff for Jane Rhodes' death, and to fabricate evidence against him for the improper purpose of pursuing murder charges against him. (Doc. #64).

Plaintiff alleges that these circumstantial facts led Dr. McGee to change his determination as to the manner of death from "pending investigation" to "homicide." After this meeting with Beccue, Dr. McGee then drafted a report reflecting "homicide" as the cause of death, including false conclusions unsupported by the scientific evidence. For example, Dr. McGee claimed injuries to Jane Rhodes' face were attributable to multiple blows from a boat and a hemorrhage in Jane Rhodes' neck was attributable to a single strike from an open hand in a V-shape. Plaintiff alleges the objective evidence instead suggested these injuries arose during the drowning process or after death. (Doc. #64).

Plaintiff alleges that at the time of the January 1997 meeting, Beccue did not have probable cause to arrest or prosecute Plaintiff; however, he relied on Dr. McGee's report to convene a grand jury and have Plaintiff improperly prosecuted for murder. Plaintiff further alleges the notes and

Appellate Case: 26-1769   Page: 60   Date Filed: 04/24/2026   Entry ID: 5632882   April 20 2026 p60

content of the January 1997 meeting were never disclosed to Plaintiff or his defense counsel. (Doc. #64).

Sixteen months after Jane Rhodes' death, a grand jury indicted Plaintiff. Under an agreement with Kandiyohi County, the Minnesota Attorney General's Office led the investigation and prosecution. In July 1998, Plaintiff was convicted by a jury of first- and second-degree murder, and was sentenced to life in prison. (Doc. #64).

Plaintiff alleges, after he spent almost 25 years in prison for a crime he did not commit, his convictions were reviewed by the Minnesota Conviction Review Unit ("CRU"). After investigation, the CRU determined the scientific evidence underlying Plaintiff's murder convictions was insufficient and the State had failed to disclose discoverable evidence, including the notes and content of the January 1997 meeting between Beccue and Dr. McGee. (Doc. #64).

On January 13, 2023, the Court vacated Plaintiff's convictions for first-degree and second-degree murder. Plaintiff entered an Alford plea to second-degree manslaughter, was sentenced to a four-year custodial sentence, and was released for time served. (Doc. #64).

Plaintiff alleges Defendants conspired to fabricate evidence against him in an improper effort to secure his wrongful conviction for the murder of Jane Rhodes. Beyond Plaintiff's allegations that Dr. McGee fabricated evidence against him, Plaintiff alleges Dr. McGee's history of manipulating evidence in connection with other wrongful convictions. (Doc. #64).

Based on these allegations as summarized above and as pertinent to the instant motion for judgment on the pleadings, Plaintiff alleges the following claims: (I) violation of due process against Beccue and Kandiyohi County under 42 U.S.C. § 1983; (II) malicious prosecution against Beccue and Kandiyohi County under § 1983; (III) failure to intervene against Beccue and Kandiyohi County under § 1983; (IV) conspiracy to deprive constitutional rights against Beccue

Appellate Case: 26-1769    Page: 61    Date Filed: 04/24/2026 Entry ID: 5632820    Apr 20 2026 p61

and Kandiyohi County under § 1983; (V) malicious prosecution under Minnesota state law against Beccue and Kandiyohi County; (VI) intentional infliction of emotional distress under Minnesota state law against Beccue and Kandiyohi County; and (VII) indemnification under Minnesota state law against Kandiyohi County.[1] (Doc. #64).

On December 3, 2025, Beccue and Kandiyohi County filed the instant Motion for Judgment on the Pleadings as to each of Plaintiff's seven claims. (Doc. #118). Plaintiff filed opposition suggestions (Doc. #127), and Beccue and Kandiyohi County filed a reply (Doc. #129).

## LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same standard of review applies to motions under Federal Rule of Civil Procedure 12(c) and 12(b)(6); the Court "accept[s] as true all factual allegations set out in the complaint" and "construe[s] the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law . . . ." Id.

## ANALYSIS

In the motion before the Court, Beccue and Kandiyohi County ("Defendants") assert they are entitled to judgment on the pleadings with respect to each of Plaintiff's claims. Defendants argue Counts I-IV alleging constitutional violations are barred by absolute immunity and in the alternative, by qualified immunity. Further, Defendants argue Counts V and VI alleging Minnesota

---

[1] The Court has previously granted Dr. McGee's motion for judgment on the pleadings and Captain Chandler's motion to dismiss, finding these defendants immune from Plaintiff's claims. (Docs. #101, #102). The Court has also granted Ramsey County's motion for judgment on the pleadings and Hennepin County's motion to dismiss. (Docs. #101, #139).

Appellate Case: 26-1769   Page: 62   Date Filed: 04/24/2026   Entry ID: 5633820   April 20 2026 p62

state torts are barred by official immunity. Additionally, Defendants argue Kandiyohi County is entitled to judgment on the pleadings for Count VII, consistent with the Court's interpretation of Minn. Stat. § 466.07 as set forth in previous Orders. Defendants also assert Plaintiffs' claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994), since Plaintiff entered an Alford plea to second-degree manslaughter for the death of Jane Rhodes. (Docs. #118, #129).

In opposition to Defendants' motion for judgment on the pleadings, Plaintiff voluntarily dismisses Count II alleging malicious prosecution under § 1983, Count III alleging failure to intervene under § 1983, and Count V alleging malicious prosecution under Minnesota state law. (Doc. #127). For Plaintiff's remaining Counts I, IV, VI, and VII, Plaintiff disputes the application of any immunity to his claims against Defendants. Plaintiff argues (a) Beccue does not establish the application of absolute immunity based on Plaintiff's allegations, (b) qualified immunity does not apply because Plaintiff plausibly alleges Beccue's violation of a clearly established constitutional right, and (c) official immunity does not apply because Plaintiff alleges Beccue acted willfully and maliciously. (Doc. #127). Plaintiff also argues Kandiyohi County is not entitled to judgment on the pleadings on Plaintiff's indemnification claim since this claim was included for reasons of judicial economy. Finally, Plaintiff asserts his claims are not barred by Heck.

**A. Defendants are immune from suit as to Counts I and IV.**

With all reasonable factual inferences drawn in Plaintiff's favor for purposes of Defendants' Motion for Judgment on the Pleadings, Plaintiff alleges Beccue, acting under color of law and within the scope of his employment as the Kandiyohi County Attorney, deprived Plaintiff of his constitutional right to due process. Plaintiff specifically alleges Beccue (1) constructed or fabricated false statements or reports against Plaintiff which formed the basis of the decision to charge, prosecute, and/or convict Plaintiff; and (2) withheld from Plaintiff and/or his defense

Appellate Case: 26-1769    Page: 63    Date Filed: 04/24/2026 Entry ID: 5632632  April 20 2026 p63

counsel during the criminal prosecution exculpatory information, including that Beccue and others had fabricated evidence. Further, Plaintiff alleges, but for Beccue's misconduct, Plaintiff's due process rights would not have been violated, and Beccue's conduct was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Plaintiff's clearly established constitutional rights.

Defendants assert absolute immunity bars Plaintiff's § 1983 claims alleged in Counts I-IV. With all reasonable inferences drawn in Plaintiff's favor for purposes of the instant motion for judgment on the pleadings, Plaintiff alleges his constitutional rights were violated by two specific factual predicates: (1) the fabrication of evidence forming the basis to charge, prosecute, and convict Plaintiff; and (2) the withholding of the exculpatory information that Defendants had fabricated evidence against Plaintiff.

The Supreme Court of the United States recognizes certain immunities from suit under § 1983. Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993). "Most public officials are entitled only to qualified immunity . . . [under which] government officials are not subject to damages liability for the performance of their discretionary functions when 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Id. (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "In most cases, qualified immunity is sufficient to 'protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority.'" Id. (citing Butz v. Economou, 438 U.S. 478, 506 (1978)).

However, "some officials perform 'special functions' which, because of their similarity to functions which would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability." Id. at 268-69. "The official seeking absolute immunity bears

Appellate Case: 26-1769    Page: 64    Date Filed: 04/24/2026 Entry ID: 5632820 p64

the burden of showing that such immunity is justified for the function in question." Buckley, 509 U.S. at 269 (citing Burns v. Reed, 500 U.S. 478, 486 (1993)).

Whether absolute immunity applies to the conduct of a government official depends on "the nature of the function performed, not the identity of the actor who performed it . . . ." Buckley, 509 U.S. at 269 (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). In Imbler v. Pachtman, the Supreme Court found "a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial." Id. (citing 424 U.S. 409, 430-31 n.33 (1976)). In general, absolute immunity applies to the conduct of prosecutors for acts "intimately associated with the judicial phase of the criminal process." Id. at 270 (citing Imbler, 424 U.S. at 430). The Imbler court did not "describe the line between a prosecutor's acts in preparing for" filing criminal charges, "some of which would be absolutely immune, and his acts of investigation or 'administration,' which would not." Id. (citing Imbler, 424 U.S. at 431).

Defendants assert absolute immunity applies to (1) Beccue's January 1997 meeting with McGee ("the Meeting") and (2) the failure to disclose to Plaintiff and/or his defense counsel Beccue's notes / memo from the meeting and/or the fact that the meeting occurred ("the Brady violation").

With respect to the alleged Brady violation, Defendants' motion for judgment on the pleadings is granted. For purposes of Defendants' motion, and granting all reasonable factual inferences in Plaintiff's favor, the prosecution's obligation to disclose exculpatory information arises within the context of the criminal prosecution. See Brady v. Maryland, 373 U.S. 83, 87 (1963) ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). The prosecutors' conduct in prosecuting Plaintiff

Appellate Case: 26-1769    Page: 65    Date Filed: 04/24/2026 Entry ID: 5632832

for Jane Rhodes' murder is within the scope of the prosecutor's "role as an advocate for the State," and is entitled to absolute immunity. Buckley, 509 U.S. at 273. Moreover, under Plaintiff's allegations, the Minnesota Attorney General led the prosecution against Plaintiff, such that any disclosure obligation under Brady would not have fallen to Beccue. Villasana v. Wilhoit, 368 F.3d 976, 979 (8th Cir. 2004). To the extent Plaintiff's allegations can be reasonably construed to allege a Brady violation against Beccue, he is entitled to absolute immunity.[2] Finally, Plaintiff's complaint does not allege the Brady violation was attributable to any official policy or unofficial custom of Kandiyohi County.[3] City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Defendants' motion for judgment on the pleadings is granted on Count I to the extent Plaintiff alleges a violation of due process for the alleged Brady violation.

Whether absolute immunity applies to bar Plaintiff's Count I as to the Meeting in January 1997 between Beccue and McGee is less straightforward because the Meeting occurred before Plaintiff was indicted. Absolute immunity applies to prosecutorial duties "involv[ing] actions preliminary to the initiation of the prosecution,"; however, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." Buckley, 509 U.S. at 272-73. Absolute immunity may properly apply to prosecutorial actions undertaken to prepare for court presentation, including "professional evaluation of the evidence assembled by

---

[2] Alternatively, Beccue is entitled to qualified immunity as to the alleged Brady violation because Plaintiff does not show that clearly established law required Beccue to do more than give his notes and memo from the Meeting to the Minnesota Attorney General's Office, which Beccue did.

[3] The same is true as to Plaintiff's Counts II and III, which Plaintiff voluntarily dismissed against Beccue. Kandiyohi County's Motion for Judgment on the Pleadings as to Counts II and III is also granted.

9

the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." Id. at 273.

By contrast though, "when a prosecutor functions as an administrator rather than as an officer of the court, he is entitled only to qualified immunity." Id. (citing Imbler, 424 U.S. at 431 n.33). "There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand." Buckley, 509 U.S. at 273.

With all reasonable inferences drawn in Plaintiff's favor for purposes of the instant Motion for Judgment on the Pleadings, the Meeting occurred before the decision to seek an indictment against Plaintiff was made. "Before the establishment of probable cause to arrest, a prosecutor generally will not be entitled to absolute immunity." McGhee v. Pottawattamie Cnty., Iowa, 547 F.3d 922, 929 (8th Cir. 2008). Defendants assert that despite the timing of the Meeting, absolute immunity still applies because even with all reasonable inferences drawn in Plaintiff's favor, the Meeting occurred five months after Jane Rhodes' death and evidence supporting probable cause against Plaintiff for murder already existed at the time of the Meeting, including that Plaintiff and Jane Rhodes had marriage issues, Plaintiff purportedly had an affair, an insurance policy had been taken out prior to Jane Rhodes' death, and during rescue efforts, law enforcement perceived that Plaintiff was unable to show them where his wife had fallen into the water.

Though Defendants' arguments are well taken, the applicable standard requires this Court to grant Plaintiff the benefit of all reasonable factual inferences on the face of the complaint. Here, Plaintiff alleges the Meeting occurred before the decision to seek an indictment, at the time of the Meeting, there was not probable cause to arrest or to prosecute Plaintiff for murder, and the

Appellate Case: 26-1769    Page: 67    Date Filed: 04/24/2026 Entry ID: 5638820 April 20 2026 p67

Meeting was undertaken outside of Beccue's role as an advocate for the State. (Doc. #64 at 8-9). The burden to show the application of absolute immunity is on Defendants, and in the interest of applying the doctrine "quite sparing[ly]," absolute immunity does not bar Plaintiff's Count I for violation of due process based on the Meeting; rather, qualified immunity is adequate here. Buckley, 509 U.S. at 269.

"Qualified immunity shields government officials from damages liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Slusarchuk v. Hoff, 346 F.3d 1178, 1180 (2003) (citing Harlow, 457 U.S. at 818). To determine whether an official is entitled to qualified immunity, the relevant inquiry involves two questions: (1) whether the allegations against the official constitute the violation of a constitutional right; and (2) whether the constitutional right at issue was clearly established at the time of the violation – that is, a reasonable official in the same position would have known that his conduct was unlawful. Clemmons v. Armontrout, 477 F.3d 962, 965 (8th Cir. 2007); Pearson v. Callahan, 555 U.S. 223, 231 (2009).

"To establish a substantive due process violation, plaintiffs must show that the behavior of the official was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience and that the conduct violated one or more fundamental rights." Clemmons, 477 F.3d at 965 (citing Terrell v. Larson, 396 F.3d 975, 978 (8th Cir. 2005); Moore v. Briggs, 381 F.3d 771, 773 (8th Cir. 2004)).

Qualified immunity bars Plaintiff's Count I alleging violation of due process to the extent it is predicated on the Meeting. With all reasonable inferences drawn in Plaintiff's favor for purposes of Defendants' motion, Plaintiff does not allege that the circumstantial, non-scientific information imparted to McGee was false. Rather, Plaintiff alleges only that the information

Appellate Case: 26-1769   Page: 68   Date Filed: 04/24/2026 Entry ID: 5632820   April 20 2026 p68

allegedly improperly shared with McGee to support a probable cause finding against Plaintiff has "innocent explanations and in no way implicated Plaintiff Rhodes in the death of his wife." (Doc. #64 at 9). Plaintiff specifically alleges Beccue fabricated evidence with McGee by sharing with McGee during the Meeting that Plaintiff and Jane Rhodes had encountered marital problems, and also that the deputies involved in rescue efforts at Green Lake perceived that Plaintiff was unable to convey to them where in the lake that Jane Rhodes had fallen overboard. Even with all reasonable inferences drawn in Plaintiff's favor for purposes of Defendants' motion, Plaintiff asserts only the unsupported allegation that Beccue fabricated evidence to support probable cause against Plaintiff. Plaintiff's allegations do not, even with all reasonable inferences drawn in his favor, reasonably establish that Beccue fabricated evidence, such that Plaintiff does not plausibly allege that Beccue violated a constitutional right.

The question then becomes whether Beccue violated Plaintiff's constitutional rights by meeting with McGee to exchange information before the decision to indict Plaintiff for murder. Even if, with all reasonable inferences drawn in Plaintiff's favor, Plaintiff plausibly alleged the Meeting violated his substantive due process rights, Plaintiff does not plausibly allege the violation of a constitutional right that was clearly established at the time of the violation alleged. Qualified immunity bars Count I against Beccue, and Plaintiff does not allege any direct violation of his constitutional rights by Kandiyohi County. Defendants are immune from suit on Count I alleging violation of due process and Defendants' motion for judgment on the pleadings as to Count I is granted.

This conclusion also dictates the outcome of Defendants' motion as to Plaintiff's Count IV, alleging conspiracy to deprive Plaintiff of constitutional rights under § 1983. "Absent a constitutional violation, 'there is no actionable conspiracy claim.'" Slusarchuk, 346 F.3d at 1183

(citing <u>Cook v. Tadros</u>, 312 F.3d 386, 388 (8th Cir. 2002)). Defendants are thus likewise entitled to qualified immunity on Plaintiff's claims for conspiracy to deprive Plaintiff of his constitutional rights. <u>Id.</u> (citing <u>Pfannstiel v. City of Marion</u>, <u>918 F.2d 1178, 1188</u> (5th Cir. 1990)). Defendants' motion for judgment on the pleadings is also granted on Count IV.

Based on the dispositive analyses above as to Defendants' immunity arguments, the Court thus declines to consider whether Plaintiff's constitutional claims are also, or alternatively, barred by <u>Heck</u>.

**B. Defendants' motion for judgment on the pleadings is granted on Count VI.**

Defendants argue they are entitled to judgment on the pleadings on Plaintiff's Count VI, alleging intentional infliction of emotional distress under Minnesota state law, based on official immunity. In opposition, Plaintiff alleges official immunity is inapplicable because he alleges Beccue acted willfully and maliciously.

"Under the doctrine of official immunity, a public official charged by law with duties which call for the exercise of his or her judgment or discretion is not personally liable to an individual for damages unless he is guilty of a willful or malicious wrong." <u>Vassallo v. Majeski</u>, <u>842 N.W2d 456, 462</u> (Minn. 2014) (internal quotations omitted). Whether official immunity applies depends on "(1) the conduct at issue; (2) whether the conduct is discretionary or ministerial and, if ministerial, whether any ministerial duties were violated; and (3) if discretionary, whether the conduct was willful or malicious." <u>Id.</u> (citing <u>Mumm v. Mornson</u>, <u>708 N.W.2d 475, 490</u> (Minn. 2006)).

The parties do not dispute the discretionary nature of Beccue's alleged conduct in meeting with McGee in January 1997. Plaintiff alleges, however, Beccue is liable under Minnesota law for

intentional infliction of emotional distress because he acted willfully and maliciously to fabricate evidence against Plaintiff in order to deprive him of his constitutional rights.

The application of official immunity "contemplates less of a subjective inquiry into malice, which was traditionally favored at common law, and more of an objective inquiry into the legal reasonableness of an official's actions." Hassan v. City of Minneapolis, 489 F.3d 914, 920 (8th Cir. 2007) (quoting Minnesota ex rel. Beaulieu v. City of Mounds View, 518 N.W.2d 567, 571 (Minn. 1994)). While the question of malice is usually a jury question, "Minnesota courts rule in favor of a defendant when 'no reasonable jury could find the [official] acted with bad faith or malicious intent." Smith v. City of Minneapolis, 754 F.3d 541, 549 (8th Cir. 2014) (quoting Elwood v. Rice Cnty., 423 N.W.2d 671, 679 (Minn. 1988)).

Even with all reasonable inferences drawn in Plaintiff's favor for purposes of Defendants' motion, Plaintiff's assertion that Beccue acted maliciously amounts to a legal conclusion that is unsupported by factual allegations. As discussed above, Plaintiff does not allege that Beccue conveyed false information to McGee; rather, Plaintiff takes issue with the Meeting as an improper attempt to marshal fabricated evidence against Plaintiff to support a probable cause determination against him. But beyond Plaintiff's assertion that Beccue acted maliciously and fabricated evidence, Plaintiff's allegations do not support the conclusion that Beccue acted maliciously with the willful intent to violate Plaintiff's rights. Plaintiff's allegations do not establish that the Meeting between Beccue and McGee was objectively unreasonable. Official immunity applies to bar Plaintiff's claim against Beccue for intentional infliction of emotional distress under Minnesota state law, and vicarious official liability thus applies to Kandiyohi County under the circumstances presented here. Dokman v. Cnty. of Hennepin, 637 N.W.2d 286, 297 (Minn. App. 2001) ("Vicarious official immunity protects a governmental entity from liability based on the acts of an

employee who is entitled to official immunity."). Defendants' motion for judgment on the pleadings is granted on Count VI.

**C. Kandiyohi County's motion for judgment on the pleadings on Count VII is granted.**

Finally, consistent with the Court's previous Orders, Minn. Stat. § 466.07 confers the right to defense and indemnification only upon employees acting in the performance of their official duties, not engaged in malfeasance, willful neglect, or bad faith. (Doc. #101, #139). Plaintiff may not allege a right to indemnification on Beccue's behalf, and, moreover, as referenced above, Beccue is entitled to judgment on the pleadings as to each of Plaintiff's remaining claims. Kandiyohi County's Motion for Judgment on the Pleadings as to Count VII is granted. Accordingly, it is hereby

ORDERED Defendants Kandiyohi County and the Estate of Boyd Beccue's Motion for Judgment on the Pleadings (Doc. #118) is GRANTED.

IT IS SO ORDERED.


DATE: April 3, 2026                    /s/ Brian C. Wimes
                                       BRIAN C. WIMES, CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT

Appellate Case: 26-1769   Page: 72   Date Filed: 04/24/2026 Entry ID: 5632820   April 20 2026 p72

**U.S. District Court**

**U.S. District of Minnesota**

**Notice of Electronic Filing**

The following transaction was entered on 4/8/2026 at 11:21 AM CDT and filed on 4/8/2026

**Case Name:** Rhodes v. McGee et al
**Case Number:** 0:24–cv–00104–BCW
**Filer:**
**WARNING: CASE CLOSED on 04/03/2026**
**Document Number:** 141(No document attached)
**Docket Text:**
 **(Text–Only) ORDER Directing Clerk to Enter Judgment.**

ORDERED, consistent with the Orders of the Court (Docs. #139 & #140), the Clerk of the Court is directed to enter judgment accordingly.

Ordered by Judge Brian C. Wimes on 4/8/2026.(TLD)

**0:24–cv–00104–BCW Notice has been electronically mailed to:**

Ben H. Elson &nbsp &nbsp ben@peopleslawoffice.com

Brad Thomson &nbsp &nbsp brad@peopleslawoffice.com

Brett Bacon &nbsp &nbsp brett.bacon@co.ramsey.mn.us, rcaocivillitigation@co.ramsey.mn.us, rcaocivilsupportstaff@co.ramsey.mn.us

Cally R Kjellberg–Nelson &nbsp &nbsp cally@resolutelawmn.com, rachel@resolutelawmn.com

Christiana Martenson &nbsp &nbsp christiana.martenson@hennepin.us, heather.greene@hennepin.us, Jennifer.Johnson@hennepin.us, josie.fernandez–Andersen@hennepin.us

David M Wilk &nbsp &nbsp dwilk@larsonking.com, jheglund@larsonking.com

G. Flint Taylor &nbsp &nbsp flint.taylor10@gmail.com

Kevin McCarthy &nbsp &nbsp kmccarthy@larsonking.com, dpelzel@larsonking.com

Kristine K Nogosek &nbsp &nbsp kristine.nogosek@co.ramsey.mn.us, lee.vang1@co.ramsey.mn.us, rcaocivillitigation@co.ramsey.mn.us, rcaocivilsupportstaff@co.ramsey.mn.us

Mark A Solheim &nbsp &nbsp msolheim@larsonking.com, kholmes@larsonking.com, lbarnett@larsonking.com

Sarah C S McLaren &nbsp &nbsp sarah.mclaren@hennepin.us, jennifer.johnson@hennepin.us, thomas.bird@hennepin.us

Tayleece Paul &nbsp &nbsp tayleece@peopleslawoffice.com

Timothy M Phillips &nbsp &nbsp tim@timphillipslaw.com

Zane Aubert &nbsp &nbsp zaubert@larsonking.com, lbarnett@larsonking.com

**0:24–cv–00104–BCW Notice has been delivered by other means to:**

Appellate Case: 26-1769   Page: 74   Date Filed: 04/24/2026 Entry ID: 5xxxxxx  Apr 2026 p74

**UNITED STATES DISTRICT COURT**

**District of Minnesota**

Thomas Rhodes

                    Plaintiff,

v.

Boyd Beccue, Kandiyohi County, Ramsey
County

                    Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 24-cv-00104-BCW

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

    ORDERED, consistent with the Orders of the Court (Docs. #139 & #140), the Clerk of the

Court is directed to enter judgment accordingly.

Date: 4/8/2026

                    KATE M. FOGARTY, CLERK



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Thomas Rhodes,

        Plaintiff,

v.

                                              Case No. 24-cv-00104-BCW

Ramsey County Medical Examiner
Michael McGee, et al.,

        Defendants.

## <u>NOTICE OF APPEAL</u>

Pursuant to <u>Fed. R. App. P. 3(c)(1)</u> and 4(a), notice is hereby given that Plaintiff Thomas Rhodes in the above-titled case appeals to the United States Court of Appeals for the Eighth Circuit. Plaintiff appeals from the judgment entered in this matter on April 8, 2026 (<u>Dkt. 142</u>) pursuant to the Court's orders (<u>Dkt. 101, 102</u>, <u>112</u>, <u>139</u>, <u>140</u>, and 141), and Plaintiff appeals from all underlying findings, determinations, rulings, opinions, and orders entered in the case that were adverse, either in whole or in part, to Plaintiff.

1

Dated: April 19, 2026                                    Respectfully submitted,

                                                         /s/ Brad J. Thomson
                                                         Brad J. Thomson
                                                         Ben H. Elson*, G. Flint Taylor*
                                                         PEOPLE'S LAW OFFICE
                                                         1180 N. Milwaukee Ave.
                                                         Chicago, IL 60642
                                                         (773) 235-0070
                                                         brad@peopleslawoffice.com

                                                         *Pro hac vice


                                                         /s/ Tim Phillips
                                                         Tim Phillips (#390907)
                                                         Law Office of Tim Phillips
                                                         331 Second Ave. South, Suite 400
                                                         TriTech Center
                                                         Minneapolis, MN 55401
                                                         (612) 470-7179
                                                         tim@timphillipslaw.com


                                                         ATTORNEYS FOR PLAINTIFF

2



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date:   4/20/2026

To:      U.S. COURT OF APPEALS, 8TH CIRCUIT

From:  MKB U.S. District Court-Minnesota

In Re:  District Court Case No. 24-cv-00104-BCW
         Eighth Circuit Case No.:  Not yet assigned
         Case Title:  Rhodes v. McGee et al

The statutory filing fee has:
☒been paid, receipt number: AMNDC-12891537
☐not been paid as of
         IFP      ☐is   ☐is not pending
☐been waived because:
         ☐Application for IFP granted   ☐USA filed appeal

Length of Trial:  N/A

Was a court reporter utilized?   ☒Yes   ☐No
         If yes, please identify the court reporter: Jodi Quelle 816-512-5623; Denise Halasey 816-512-5657